635 So.2d 409 (1994)
Steve DURAND
v.
Wayne McGAW and Bellsouth Telecommunications, Inc., Etc.
No. 93-CA-2077.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 1994.
*410 Perry J. Roussel, Jr., Gerolyn P. Roussel, Roussel & Roussel, LaPlace, for plaintiff/appellant.
Edward H. Bergin, T. Michael Twomey, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendants/appellees.
Before BARRY, KLEES and WARD, JJ.
BARRY, Judge.
Plaintiff appeals the dismissal of his lawsuit on an exception of no cause of action. We affirm.

FACTS
Plaintiff worked as a "runner" for the law firm of Hoffman, Sutterfield, Ensenat and Bankston. During vacation and off hours, he also served legal documents for persons or organizations other than the Hoffman firm. On March 12, 1992 while working as a process server for another law firm, plaintiff served South Central Bell with a federal court trial subpoena. Wayne McGaw, a South Central Bell employee, complained to the Hoffman firm concerning service of the papers by plaintiff, and plaintiff was fired on March 13, 1992.
Plaintiff filed suit against McGaw and South Central Bell for damages resulting from the "intentional and/or negligent conduct" based on their complaint to the Hoffman firm. The trial court granted the defendants' exception of no cause of action. Plaintiff now argues that the trial court erred by finding that defendants were not negligent and in ruling that the petition did not state a cause of action, including intentional interference with a contract, negligent interference with a contract and negligence.

EXCEPTION OF NO CAUSE OF ACTION
The peremptory exception of no cause of action tests the legal sufficiency of the petition, and the court must determine whether the law affords a remedy for the particular harm alleged by plaintiff. Nehrenz v. Dunn, 593 So.2d 915, 917 (La.App. 4th Cir.1992); Lewis v. Aluminum Company of America, 588 So.2d 167, 169 (La.App. 4th Cir.1991), writ den. 592 So.2d 411 (La.1992). Well-pleaded facts of the petition are accepted as true, Lewis v. Aluminum Company of America, supra, and no evidence may be admitted to support or controvert the exception. LSA-C.C.P. art. 931.
Plaintiff's petition includes the following allegations:

*411 V.
On March 12 & 13, 1992, Wayne McGaw, a South Central Bell employee, contacted the Hoffman firm and told Mr. Durand's full-time employer that it was inappropriate for Steven Durand to act as a process server for an adversary of South Central Bell and insisted that Mr. Durand's employer make sure that this never occurred again.
VI.
There was no reasonable justification for Wayne McGaw's contacting Steven Durand's full-time employer, and Wayne McGaw's actions were malicious in that he wanted Steven Durand punished for servicing a subpoena on South Central Bell. Additionally, Wayne McGaw's actions were done with the intent to impede or prevent the service of additional trial subpoenas knowing full well that Mr. Durand would seek to serve subpoenas on other South Central Bell employees....
VIII.
The malicious actions of Wayne McGaw was an intentional tort with the purpose of having Steven Durand's employer take steps to punish Mr. Durand for serving subpoenas on South Central Bell. At all times relevant hereto, Wayne McGaw, intentionally acted in a manner to cause harm to Steven Durand, and he knew or was substantially certain that Steven Durand would be injured by his actions....
X.
Moreover, the intentional, malicious, and an unjustified interference with Steven Durand's contractual relationship with his full-time employer resulting [sic] in Steven Durand being terminated from his employment.
XI.
In the alternative, Wayne McGaw's acts were negligent, which negligence had a serious and permanent effect on Steven Durand's career, his ability to earn a living, resulted in Steven Durand's loss of employment, and affected his employment opportunities, for which Wayne McGaw is responsible under Louisiana Civil Code articles 2315 and 2316.

TORTIOUS INTERFERENCE WITH CONTRACT
Plaintiff argues that the petition states a cause of action for both negligent and intentional interference with a contract, particularly, his "contractual" relationship with the Hoffman firm. We first examine whether plaintiff had a contract or legally protected interest in his employment. See 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228, 234 (La.1989).
Plaintiff does not allege that he had a contract with the Hoffman firm, but, nonetheless, has a right of recovery flowing from his employment relationship which was of value to him.
When an employee's job is not for a definite term, the employment is terminable at the will of either the employer or employee. Williams v. Touro Infirmary, 578 So.2d 1006 (La.App. 4th Cir.1991). The employer is at liberty to dismiss the employee at any time and without assigning any reason for doing so. See LSA-C.C. art. 2747; Williams, supra. Plaintiff had no contract or legally protected interest in his employment necessary for a claim for tortious interference with a contract. See 9 to 5 Fashions, Inc. v. Spurney, supra at 234 [Court listed the first element of an intentional interference with contract action against a corporate officer as "the existence of a contract or legally protected interest between the plaintiff and the corporation"].
In Lewis v. Aluminum Company of America, supra, this Court recognized that, where the petition stated a cause of action in negligence against a third party drug testing company for performing a urine test which resulted in termination of plaintiff's employment, plaintiff stated a cause of action regardless of his status as an at-will employee. The Court in dicta said:
Even when employment is terminable at will, LSA-C.C. art. 2747, the employment *412 is a subsisting relationship, of value to the employee, until it is terminated. Thus, while the possibility of employment termination at any time affects the amount of damages sustained by the employee, it should not affect the employee's right of recovery. [Citation omitted.]
Id. at 171 n. 4.
Appellant argues that this statement recognizes an action for an at-will employee based on interference with a contract. We disagree. The Court did not decide whether a cause of action existed specifically for negligent interference with a contract. The Court's statement only applies to a simple negligence action against a third party by an at-will employee.
Actions for tortious interference with a contract are limited in Louisiana. That theory of recovery was discussed in 9 to 5 Fashions, Inc. v. Spurney, supra:
Interference with a contract, which had its modern inception in malice[,] has remained almost entirely an intentional tort; and, in general, liability has not been extended to the various forms of negligence by which performance of a contract may be prevented or rendered more burdensome.
Id. at 232.
In Spurney the Court recognized an action for intentional interference with a contract under the very limited facts of that case and overruled jurisprudence which barred any action based on tortious interference with a contract. The Court recognized that a corporate officer owes an obligation to a third person having a contractual relationship with the corporation "to refrain from acts intentionally causing the company to breach the contract ... unless the officer has reasonable justification for his conduct." Id. at 231. The issue arose not in the context of an exception of no cause of action, but rather, in deciding under what theory of recovery plaintiff might recover. However, the Court expressly declined "to adopt whole and undigested the fully expanded common law doctrine of interference with contract...." Id. at 234.
In recognizing an action under that theory of recovery the Court began with an examination of whether the defendant had a duty to the plaintiff the breach of which would constitute fault, and reasoned that the framers of LSA-C.C. art. 2315 "conceived of fault as a breach of a preexisting obligation for which the law orders reparation ... and they left it to the courts to determine in each case the existence of an anterior obligation which would make an act constitute fault."
The theory of recovery for intentional interference with a contract has not been expanded beyond 9 to 5 Fashions, Inc. v. Spurney, supra. The facts as alleged in this case do not warrant expansion here. Considering the basic principles underlying Louisiana tort law, as well as "modern empirical considerations and the objectives of delictual law," 9 to 5 Fashions, Inc. v. Spurney, supra at 231, defendants owed no obligation to plaintiff as a third person employee of the Hoffman firm to refrain from expressing an opinion to the Hoffman firm concerning the nature and scope of the employee's work. The facts alleged do not constitute fault, and plaintiff's petition fails to state a cause of action for intentional interference with contract.
For years, recovery for negligent interference with a contract was systematically denied in Louisiana "without analyzing the problem, taking a mechanical approach to the unreasoned conclusion that the petition fails to state a cause of action...." PPG Industries, Inc. v. Bean Dredging, 447 So.2d 1058, 1060 (La.1984). In PPG Industries, Inc. v. Bean Dredging, the Supreme Court abandoned the mechanical approach and applied the duty-risk analysis. To the extent that the Court considered the duty owed by the defendant, the analysis was similar to 9 to 5 Fashions, Inc. v. Spurney, supra, though the full duty-risk analysis of PPG Industries, Inc. went beyond the analysis of fault in 9 to 5 Fashions, Inc. In PPG Industries, Inc., the Court concluded after lengthy analysis that "the duty allegedly violated in the present case did not encompass the particular risk of injury sustained by (plaintiff) and did not intend protection from the particular loss for which recovery is sought in (plaintiff's) petition." Id. at 1062. Thus the cause of action was denied.
*413 Three cases which allowed a cause of action against a drug testing company for negligent performance of urine tests which resulted in termination of plaintiffs' employment are inapposite. Nehrenz v. Dunn, supra; Lewis v. Aluminum Company of America, supra; Elliott v. Laboratory Specialists, Inc., 588 So.2d 175 (La.App. 5th Cir.1991), writ den. 592 So.2d 415 (La.1992). In those cases the courts ruled that plaintiffs had an action in negligence because the defendant laboratory had a legal duty to perform the drug tests in a competent and non-negligent manner. The courts did not consider whether plaintiffs stated a cause of action under a negligent interference with contract theory.
Duty can be based upon statute or jurisprudential rule of law, or it can be determined from a consideration of the relationship of the parties, the risks involved in the transaction or conduct, and on an appraisal of what a reasonable man would do or refrain from doing under the circumstances. Tallo v. Stroh Brewery Co., 544 So.2d 452, 454 (La.App. 4th Cir.1989), writ den. 547 So.2d 355 (La.1989). Plaintiff alleges that defendants contacted his employer and said "that it was inappropriate for [plaintiff] to act as a process server for an adversary of South Central Bell and insisted that [plaintiff's] employer make sure that this never occurred again." The petition does not allege any relationship between the parties other than service of the subpoena by plaintiff. Defendants simply had no duty to plaintiff to refrain from expressing to plaintiff's employer their views and/or concerns. Plaintiff's petition fails to state a cause of action under tortious interference with a contract.

NEGLIGENCE
In determining whether plaintiff has an action in simple negligence, we apply the duty-risk analysis. As specified above, the defendants had no duty to plaintiff to refrain from expressing their views to plaintiff's employer.

FINDINGS OF FACT
Plaintiff asserts that the trial court erred by considering the merits on an exception of no cause of action. Defendants respond that the trial court did not rule on the evidence, but applied the duty-risk analysis and concluded that defendants did not owe a duty to plaintiff under the allegations of the petition.
In reasons for judgment the trial court stated:
However, in the case at bar, this court is of the opinion that McGaw did not act negligently. In fact, it was within his right to complain to the plaintiff's employer about a situation he deemed was improper.
It is indeed unfortunate that the plaintiff lost his job with the Hoffman firm, however the court is not inclined to agree that the actions of the defendant were negligent and the cause of the of the [sic] plaintiff's damages.
This assignment has no merit.
The judgment is affirmed.
AFFIRMED.
WARD, J., concurs with reasons.
WARD, Judge, concurring with reasons.
I disagree with that part of the majority opinion which states that Durand does not allege he had a contract with the Hoffman firm. Durand alleged in Paragraph V that "Wayne McGaw ... contacted the Hoffman firm and told Mr. Durand's full-time employer that it was inappropriate for Steven Durand to act as a process server [serving subpoenas on South Central Bell's employees]." I submit that this is sufficient to allege an employment relation. As such, it is a protected contract relation even if it is, as the majority says, a contract terminable at the will of the employer, the Hoffman firm.
As I understand the majority, even if Durand had a contractual interest which were intentionally damaged by McGaw, the majority holds that interest is not protected. The majority relies on our Supreme Court's decision in 9 to 5 Fashions, Inc., v. Spurney, which carved out a limited protected contractual interestthat of corporations and corporate suppliers, protecting that relationship from corporate officers, and then only in some instances. I believe the majority errs when it holds Durand's contractual interest *414 are not protected because "The theory of recovery for intentional interference with a contract has not been expanded beyond 9 to 5 Fashions, Inc., v. Spurney, supra." I do not construe 9 to 5 Fashions in a limited manner. Therefore, I would hold Durand's employment contractual interests are protected from intentional interference by third parties.
Nevertheless, Wayne McGaw's basic rights of free speech, and other interests such as employee loyalty, attorney/client relationship, in this instance, outweigh Durand's right to protection of contractual interest, and I would hold that Wayne McGaw's communication to Bell South's attorney, the Hoffman firm, was privileged, and within his constitutional rights of free speech.
I agree that allegations of negligent interference with contractual relationship do not state a cause of action in Louisiana.