**Aaron ABRAMSON, et al.**

v.

**FLORIDA GAS TRANSMISSION CO., et al.**

Civ. A. Nos. 91–4255, 93–2404.

United States District Court,
E.D. Louisiana.

April 21, 1995.

Karen Delcambre McCarthy, Lanny R. Zatzkis, Yvette Anne D'Aunoy, Zatzkis & Associates, New Orleans, Louis B. Merhige, Metairie, LA, for Aaron Abramson.

Louis B. Merhige, Metairie, LA, for Alfred Abramson, Joseph Abramson, Carol Abramson Schudmak, Eugenie Marrus Abramson, Steven M. Brainis, Joseph M. Brainis, David Brainis, Lucy Abramson Brainis, Debra Brainis Lester, Sara Brainis Rambin, Ethel Abramson.

Michael Ray Mangham, Michael J. O'Shee, Mangham & Hardy, Lafayette, LA, Louis P. Soldano, Florida Gas Transmission Co., Houston, TX, for Florida Gas Transmission Co.

Bryan David Fisher, Hank Seldon Hannah, Hannah, Colvin & Pipes, Baton Rouge, LA, for Ralston & Associates, Inc.

Stephen Louis Huber, Borrello, Huber & Dubuclet, Metairie, Lawrence Emig Larmann, W. Evan Plauché, Hailey, McNamara, Hall, Larmann & Papale, Metairie, LA, for Henkels & McCoy Inc.

Lawrence Emig Larmann, Dominic J. Ovella, W. Evan Plauché, Hailey, McNamara, Hall, Larmann & Papale, Metairie, LA, for Liberty Mut. Ins. Group.

Eric Shuman, McGlinchey, Stafford, Stafford & Lang ALC, New Orleans, LA, for Nat. Union Fire Ins. Co. of Pittsburgh.

Stephen Louis Huber, Borrello, Huber & Dubuclet, Lawrence Emig Larmann, Dominic J. Ovella, W. Evan Plauché, Metairie, LA, for Henkles & McCoy Inc.

Russell Louis Sylvester, Brittain & Sylvester, Natchitoches, LA, for Liberty Mut. Ins. Co.

Eric Shuman, McGlinchey, Stafford, & Lang ALC, New Orleans, LA, Richard W. Bryan, Jackson & Campbell, Washington, DC, for Nat. Union Fire Ins. Co. of Pittsburgh, PA.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is a "Motion for Clarification and/or Reconsideration on Ruling on Motion to Dismiss Henkels & McCoy's Counter-Claim" filed by Henkels & McCoy, Inc. This motion was submitted without oral argument on a previous date. Having reviewed the memoranda of the parties, the record and the applicable law, the Court GRANTS the motion only to explain its rationale for its prior ruling and to address new issues raised by Henkels & McCoy. To the extent that the instant motion seeks to overturn the Court's prior ruling, the motion is DENIED.

### Background

Plaintiffs filed this lawsuit against various entities, including Henkels & McCoy, as a result of alleged damage to their property that allegedly occurred during a pipeline reconditioning project. The pipeline runs across plaintiffs' property.

Henkels & McCoy filed a counterclaim against plaintiffs, alleging that it was a pipeline contractor involved in the pipeline reconditioning project at issue for Florida Gas Transmission Company, another defendant. (R.Doc. 85.)

Count I of the counterclaim alleged that during the project, Henkels & McCoy, on behalf of itself and Florida Gas, entered into certain agreements with plaintiffs to perform work on plaintiffs' property in return for and

in consideration of access to the property. *Id.*, Paragraph 5. This work also was in consideration "for any damage which may have occurred or to [plaintiffs'] property as a result of that access." *Id.*, Paragraph 6.

Henkels & McCoy claimed that plaintiffs breached the agreements by filing suit and, as a result, it is entitled to recover "the cost and value of the extra work performed" by Henkels & McCoy on the project. *Id.*, Paragraph 7. Further, the damage complained of by plaintiffs is the same damage plaintiffs agreed to be compensated for through the work performed by Henkels & McCoy. *Id.*, Paragraph 8.

As an alternative in Count 1, Henkels & McCoy claimed that plaintiffs were unjustly enriched by the extra work and/or that Henkels & McCoy suffered damage because of plaintiffs' "unrelenting demand" for extra work. *Id.*, Paragraphs 9 and 10.

Count II of the counterclaim alleged that plaintiffs were liable for tortious interference with the contractual relations by intentionally or negligently interfering with the contract between Henkels & McCoy and Florida Gas. *Id.*, Paragraph 11.

Plaintiffs filed a motion to dismiss the counterclaim, which was granted on December 15, 1994, when Henkels & McCoy failed to file an opposition memorandum timely under the local rules of the Eastern District of Louisiana. R.Doc. 105. Subsequently, Henkels & McCoy moved for reconsideration of the granting of that motion, which the Court granted. R.Doc. 118. Although the Court granted reconsideration, the Court again granted the motion to dismiss. *Id.*

Henkels & McCoy now brings the instant motion, seeking reconsideration in three respects. First, Henkels & McCoy seeks clarification as to whether its claim for unjust enrichment has also been dismissed. Second, Henkels & McCoy seeks reconsideration of the dismissal of what it terms its "breach of contract" counterclaim. Third, Henkels &

McCoy seeks reconsideration of the dismissal of its tortious interference claims. The Court addresses these in turn following a brief review of the law on reconsideration.[1]

## Law and Application

### A. Reconsideration

■ The present motion was filed on February 3, 1995, nine days following the Court's rulings on the first motion for reconsideration and the motion to dismiss on January 25, 1995. Under Fed.R.Civ.P. 59(e), which controls, because the present motion was filed within 10 days after the Court granted plaintiff's motion to dismiss, a district court has wide discretion in determining whether to reopen a case. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990). The discretion is not limitless, however, and the court should consider striking a balance between bringing the litigation to an end and the need to render a just decision on the facts. *Id.*

### B. Unjust Enrichment

Henkels & McCoy claims that the Court did not consider the issue of unjust enrichment and offset at the hearing on February 3, 1995. First, the counterclaim does not mention "offset." Therefore, the Court does not address any such issue. Second, notwithstanding that counsel for Henkels & McCoy did not ask for clarification of the Court's ruling at the hearing on January 25, 1995, the Court deems it in the interest of justice to reconsider the motion to dismiss for the limited purpose of clarifying its reasons for granting dismissal of the unjust enrichment claim.

■ In order to establish unjust enrichment under Louisiana law, which is applicable in this diversity case,[2] Henkels and McCoy would have to prove the following: plaintiffs were unjustly enriched, Henkels & McCoy was impoverished, the enrichment and impoverishment were causally connected,

---

1. Henkels & McCoy has apparently abandoned its claim for damages allegedly due to the "unrelenting demand" for work by plaintiffs. Nevertheless, the Court dismissed this claim as not bearing any relation to any cause of action under Louisiana law.

2. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

no justification existed for the enrichment and impoverishment and Henkels & McCoy has no remedy at law. *See Schlesinger v. Herzog,* 2 F.3d 135, 141–42 (5th Cir.1993).

■ Henkels & McCoy argues that the counterclaim sets forth a claim for unjust enrichment because Henkels & McCoy allegedly performed work of value for plaintiffs on their property. Further, should plaintiffs be successful in the present lawsuit, they will recover double damages and be unjustly enriched. Additionally, because this Court has dismissed the "breach of contract" portion of Count 1 of the counterclaim as an unenforceable settlement agreement, defendants have no other remedy at law.

However, by alleging in the counterclaim that the work was performed, at least in part, for access to plaintiffs' land, Henkels & McCoy has pled justification for the enrichment and impoverishment. Thus, Henkels & McCoy cannot prove one of the required elements for unjust enrichment. Therefore, this claim must be dismissed because, even accepting all of Henkels & McCoy's pleadings as true and construing them in the light most favorable to Henkels & McCoy, relief cannot be granted under any set of facts consistent with these allegations. *See American Waste & Pollution Control Co. v. Browning–Ferris, Inc.,* 949 F.2d 1384, 1386 (5th Cir.1991).

**C. Dismissal of Breach of Contract Claim**

Henkels & McCoy also seeks reconsideration of its breach of contract claim, which the Court found to be an unenforceable compromise agreement under Louisiana law. Henkels & McCoy first argues that the agreement between it and plaintiffs could not have been a compromise agreement because it was entered into prior to any dispute between it and plaintiffs.

However, this argument is undercut by the plain language of the counterclaim, which states: "The extra work ... was in return for, and in consideration of access to [plaintiffs'] property *and for any damage which*

*may have occurred on or to [plaintiffs'] property as a result of that access."* Counterclaim, Paragraph 6, R.Doc. 85.) Henkels & McCoy's contention also ignores the plain language of Louisiana Civil Code Article 3071, which provides, in pertinent part: "A transaction or compromise is an agreement between two or more persons, who, *for preventing* or putting an end to a lawsuit, adjusts their differences by mutual consent...." LSA–C.C. Art. 3071 (emphasis added). *See also Rivett v. State Farm Fire & Casualty Co.,* 508 So.2d 1356, 1359 (La. 1987) (purpose of compromise to is prevent or put an end to litigation).

■ Henkels & McCoy's second argument similarly fails. Henkels & McCoy contends that the requirement of LSA–C.C. Art. 3071 that a "contract must be either reduced to writing or recited in open court and capable of being transcribed from the record of the proceeding" is satisfied because plaintiffs have admitted in sworn deposition testimony that this agreement was entered into. There is no doubt that in order for a compromise to be enforceable, a "writing" is necessary. *Rivett,* 508 So.2d at 1359, n. 7. *See also Breland v. Louisiana–Pacific Corporation,* 698 F.2d 773, 774 (5th Cir.1983) (settlement enforceable only if reduced to writing).

■ Notwithstanding whether or not such testimony from any of the plaintiffs exists,[3] the Court finds that deposition testimony taken later in litigation does not constitute a "writing" sufficient to enforce a compromise. Henkels & McCoy cites no specific case law in support of this proposition. Indeed, in the only case bearing any similarity to Henkels & McCoy's argument, a Louisiana court of appeals rejected the proposition that the deposition of a defense counsel taken in later litigation to enforce a compromise constituted a "writing" establishing that compromise. *Scott v. Green,* 621 So.2d 1, 2–3 (La.App. 4th Cir.) *writ denied,* 629 So.2d 1139 (1993).

■ Finally, Henkels & McCoy seeks to submit evidence in support of its contention that it can prove a compromise agreement.

---

3. In their opposition memorandum, plaintiffs vehemently argue that no such deposition testimony exists (R.Doc. 130), while in its reply memorandum Henkels & McCoy quotes the deposition testimony of Richard Harrison. (R.Doc. 132.)

However, a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), as is before the Court, determines whether a proponent may recover on a claim based on the pleadings alone. Matters outside the pleadings are not considered. Fed.R.Civ.P. 12(b). *See American Waste,* 949 F.2d at 1386.

Therefore, the Court refuses to reverse its earlier ruling that any contract entered into by and between plaintiffs and Henkels & McCoy was an unenforceable compromise agreement.

D. Tortious Interference with Contract

Henkels & McCoy finally asks for reconsideration of the dismissal of Count II of its counterclaim. In support, Henkels & McCoy first cites *9 to 5 Fashions, Inc. v. Spurney,* 538 So.2d 228 (La.1989) for the proposition that it asserted a claim of tortious interference with contract.

■ Count II of the counterclaim alleges negligent and/or intentional interference with contract. Louisiana law does not recognize a claim of negligent interference with contract. *See, e.g., Durand v. McGaw,* 635 So.2d 409, 412–13 (La.App. 4th Cir.1994).

As to a claim of intentional interference with contract, the Louisiana Supreme Court in *Spurney* "recognize[d] . . . only a corporate officer's duty to refrain from intentional and unjustified interference with the contractual relation between his employer and a third person." *Spurney,* 538 So.2d at 234 (La.1989). The Fifth Circuit has termed this "a very narrow cause of action for tortious interference with contracts" and has recognized the reluctance of courts to extend *Spurney. American Waste,* 949 F.2d at 1386, 1388–91.[4]

■ Henkels & McCoy's allegations do not even approach the basic allegations necessary under *Spurney* to set forth an intentional tortious interference claim. Henkels &

McCoy merely alleges that plaintiffs' "reckless conduct interfered with the contractual relationship" between Henkels & McCoy and Florida Gas. Such an allegation is plainly insufficient under *Spurney,* and Henkels & McCoy could not recover for intentional interference with its contractual relations with Florida Gas under any set of facts based on such an allegation. *American Waste,* 949 F.2d at 1386. Nor is it this Court's place to fashion a new theory of recovery under Louisiana law. *Id.*

Finally, as with its "breach of contract" claim, Henkels & McCoy contends that it was not afforded an opportunity to submit evidence in the form of affidavits or otherwise to support its claim under *Spurney.* As set forth above, however, matters outside the pleadings are not considered on a motion to dismiss.

Accordingly,

**IT IS ORDERED** that the "Motion for Clarification and/or Reconsideration on Ruling on Motion to Dismiss Henkels & McCoy's Counter–Claim" **BE** and **IS HEREBY GRANTED** for explanation of the Court's earlier ruling and to address new issues raised by mover.

**IT IS FURTHER ORDERED** that the Court's prior ruling dismissing the counterclaim of Henkels & McCoy, Inc., shall remain in full force and effect.

---

**4.** *But see WKG–TV Video Electronic College, Inc. v. Reynolds,* 618 So.2d 1023, 1026–27 (La.App. 1st Cir.1993) (recognizing that a majority shareholder/director who "ran the corporation" could be held liable for tortious interference with contractual relations); *CNG Producing Co. v. Indeck Gas Supply Corp.,* 1993 WL 432350, 1993 U.S.Dist. LEXIS 14837 (E.D.La. Oct. 18, 1993) (Clement, J.) (finding that plaintiff stated a claim against parent corporation which allegedly induced its subsidiary, a general partner in another entity, to enter a termination agreement, which caused a breach of a gas purchase agreement).