672 So.2d 969 (1996)
MD CARE, INC.
v.
John ANGELO, M.D., Robert C. Brown, M.D. and Family Medicine, Inc.
Nos. 95-C-2361, 95-C-2362.
Court of Appeal of Louisiana, Fourth Circuit.
March 20, 1996.
*970 Hailey, McNamara, Hall, Larmann & Papale, L.L.P., W. Marvin Hall, Rene E. Thorne, Metairie, for Relator.
Wessel & Associates, a Law Corporation, William F. Wessel, Charlotte Ann Lagarde, New Orleans, for Respondent.
Before BARRY, BYRNES, ARMSTRONG, WALTZER and LANDRIEU, JJ.
BARRY, Judge.
In separate but related applications for certiorari Dr. John Angelo seeks review of the denial of his exception of no cause of action and motion to compel. We consolidate the applications and grant certiorari.

Facts
MD Care, Inc. alleges that it entered into an agreement with defendant Robert Brown, M.D. MD Care was to take over Dr. Brown's medical practice, assume obligations under Dr. Brown's continuing contracts, and hire Dr. Brown in MD Care's clinic. MD Care does not allege a contract was signed. Dr. Angelo allegedly offered Dr. Brown money to cancel the agreement with MD Care and Dr. Brown accepted. MD Care alleges Drs. Brown and Angelo conspired to interfere with and breach the contract between MD Care and Dr. Brown.
The trial court denied Dr. Angelo's exception of no cause of action and motion to compel answers to interrogatories and production of documents. Dr. Angelo filed two applications for review.

EXCEPTION OF NO CAUSE OF ACTION (NO. 95-C-2361)
The exception of no cause of action tests the legal sufficiency of the petition, and the court must determine whether the law affords a remedy for the particular harm alleged. Durand v. McGaw, 93-2077 (La. App. 4 Cir. 3/29/94), 635 So.2d 409, 410, writ den. 94-1081 (La. 6/17/94), 640 So.2d 1318; Nehrenz v. Dunn, 593 So.2d 915, 917 (La. App. 4th Cir.1992). Well-pleaded facts are accepted as true. Lewis v. Aluminum Company of America, 588 So.2d 167, 169 (La. App. 4th Cir.1991), writ den. 592 So.2d 411 (La.1992). The petition must set forth the ultimate facts upon which a cause of action is based, and conclusions of law or fact are not considered. Butler v. Reeder, 93-764 (La. App. 5 Cir. 3/16/94), 635 So.2d 1206, 1207. No evidence may be admitted to support or controvert the exception. La.C.C.P. art. 931. If the petition states a cause of action on any ground or theory of recovery arising from the same transaction or occurrence, the exception should be overruled. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1242 (La.1993).
MD Care's petition alleges Dr. Brown agreed to begin his employment with MD Care on December 1, 1994. The petition further alleges:

*971 11.
The defendant, Angelo, thereupon [on December 2, 1994] made an offer to the defendant, Brown, to pay him a certain amount of money if he would cancel and renege on his contract with the plaintiff.
12.
Defendant, Brown, accepted the money and other promises and consideration offered by the defendant, Angelo....
* * * * * *
16.
The defendants all conspired with each other to interfere with and breach the contractual relationships that existed between the plaintiff and the defendants, Brown and Family Medicine, Inc. [Brown's corporation].
17.
Plaintiff is entitled to damages against the defendants jointly, severally and in solido for fraud, breach of contract, interference with contractual relationship....
Dr. Angelo argues the petition does not state a cause of action against him for breach of contract, fraud, or interference with a contract. MD Care responds that it states a cause of action for tortious interference with contract and abuse of rights.

Breach of Contract
The petition does not allege Dr. Angelo was privy to a contract, incurred a contractual obligation, or breached a contractual obligation. The petition does not state a cause of action against Dr. Angelo for breach of contract.
MD Care never contested that argument.

Fraud
Fraud is defined in La.C.C. art. 1953:
Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.
MD Care does not allege Dr. Angelo misrepresented or suppressed the truth. The petition fails to assert facts upon which the fraud claim is based. The allegation of fraud is a conclusion of law which does not support a cause of action for fraud. See La.C.C.P. art. 856, which dictates "the circumstances constituting fraud ... shall be alleged with particularity."
MD Care never contested that argument.

Tortious Interference With A Contract
The common law remedy for interference with a contract is based on the theory that there is a point beyond which no member of the community may go to intentionally meddle in the business affairs of another. 45 Am.Jur.2d, Interference, § 1. Under a more limited theory, a contract confers certain rights on the person with whom it is made and binds the parties, and also imposes on all the world the duty to respect that contractual obligation. Id.
Historically that remedy was not available in Louisiana. See Kline v. Eubanks, 109 La. 241, 33 So. 211 (1902). 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La.1989) recognized a narrowly defined cause of action for intentional interference with a contract and overruled jurisprudence which barred "absolutely any action based on a tortious interference with a contract" to the extent that jurisprudence conflicted with 9 to 5 Fashions. Id. at 234.
9 to 5 Fashions, a supplier of uniforms for Louisiana World Exposition, Inc. (LWE), alleged Spurney (the chief executive officer of LWE) committed numerous acts and omissions which interfered with the performance of 9 to 5 Fashion's obligations under a uniform supply contract. The trial court rendered judgment for 9 to 5 Fashions and the appellate court affirmed. The Supreme Court granted certiorari, defined the cause of action as intentional interference with contract, and reversed because the elements of that cause of action were not met.
The Court examined principles of fault. It held that a corporate officer owes a duty to a third person having a contractual relationship with the corporation to refrain from *972 intentionally causing the company to breach the contract or to make performance more burdensome, unless the officer has reasonable justification for his conduct. An officer who breaches that duty may be liable to the person whose contract right is damaged, a precept derived from the contemporary doctrine of interference with contractual relations in other jurisdictions. 9 to 5 Fashions, 538 So.2d at 231.
The limited intentional interference action in 9 to 5 Fashions arises from delictual principles and requires an intentional (rather than negligent) act of interference with the contractual rights of another.
Interference with contract, which had its modern inception in malice has remained almost entirely an intentional tort; and, in general, liability has not been extended to the various forms of negligence by which performance of a contract may be prevented or rendered more burdensome.
9 to 5 Fashions, 538 So.2d at 232, citing W. Prosser & P. Keeton, The Law of Torts § 129 p. 997 (5th ed. 1984).
The Supreme Court has not expanded the holding of 9 to 5 Fashions but has reiterated its "resolve in that case to advance with care." Great Southwest Fire Insurance Co. v. CNA Insurance Cos., 557 So.2d 966, 969 (La.1990). Appellate courts generally have disallowed a cause of action for tortious interference with a contract outside the facts of 9 to 5 Fashions. See Guilbeaux v. Times of Acadiana, Inc., 94-1270 (La.App. 3 Cir. 8/9/95), 661 So.2d 1027, 1033.
However, this Court has expressed a willingness to expand the cause of action when the facts warrant. In Tallo v. Stroh Brewery Co., 544 So.2d 452 (La.App. 4th Cir.), writ den. 547 So.2d 355 (La.1989) this Court affirmed a dismissal for failure to state a cause of action where plaintiff alleged that the brewery company's rejection of an application for change of control of a distributorship constituted intentional interference with the contract between plaintiff and the distributor. Noting that 9 to 5 Fashions refused to wholly adopt the common law tort of interference with contract rights which consists of a "rather broad and undefined tort in which no specific conduct is prescribed [sic]," this Court examined whether the defendants owed a duty to the plaintiff. Tallo held defendants owed no duty to plaintiff and plaintiff did not assert a cause of action. Tallo, 544 So.2d at 455. A concurrence stated the exception in 9 to 5 Fashions is limited. Id.
In Neel v. Citrus Lands of Louisiana, Inc., 629 So.2d 1299 (La.App. 4th Cir.1993), plaintiff alleged the defendant wrongfully denied access to defendant's property in violation of a mineral lease between defendant and plaintiff's employer and was liable for intentional interference with plaintiff's employment relationship. The trial court granted defendant's exception of no cause of action, but this Court reversed:
(T)here is the strong implication [in 9 to 5 Fashions] that the court recognized that the Louisiana law of intentional interference with contractual relationships should be far broader than the narrow facts before the court in 9 to 5 Fashions, although less broad than the amorphous law of some jurisdictions that seemed insusceptible of definition and reasonable limitation.
* * * * * *
If Mr. Neel can establish that Citrus Lands had a duty to allow him to go on the land leased to [Neel's employer], then he may well be able to prove that Citrus Lands violated that duty and is liable for the consequent damages such as the loss of his job.
Neel v. Citrus Lands of Louisiana, Inc., 629 So.2d at 1301.
The plaintiff in Durand v. McGaw, 635 So.2d 409 claimed the defendant's complaints to plaintiff's employer resulted in the plaintiff's discharge from his employment and he alleged negligent and intentional interference with the contract. The trial court dismissed the claim on an exception of no cause of action, and this Court affirmed:
The facts as alleged in this case do not warrant expansion here [of 9 to 5 Fashions]. Considering the basic principles underlying Louisiana tort law, as well as "modern empirical considerations and the objectives of delictual law," 9 to 5 Fashions, Inc. v. Spurney, supra at 231, defendants *973 owed no obligation to plaintiff as a third person employee ... to refrain from expressing an opinion to (plaintiff's employer) concerning the nature and scope of the employee's work. The facts alleged do not constitute fault, and plaintiff's petition fails to state a cause of action for intentional interference with contract.
Durand v. McGaw, 635 So.2d at 412.
Tallo, Neel, and Durand each examined whether the facts warranted expansion of the cause of action in 9 to 5 Fashions. The Court recognized the cause of action is based on fault, and the determinative factor in each case was whether the defendant owed the plaintiff a duty, the breach of which might constitute intentional interference with a contract. Therefore this Court must decide whether Dr. Angelo owed a duty to MD Care arising from the contractual relationship between MD Care and Dr. Brown.

Duty Based On Public Policy
MD Care argues that public policy demands that a third person not interfere with a known contract between two others.
Common law imposes an ill-defined duty not to induce breach of a contract between two others.
Restatement Second Torts, § 766 states that
One who intentionally and improperly interferes with the performance of a contract... by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.
Restatement Second Torts lists several factors to determine whether the interference is improper (e.g., the nature of the actor's conduct, the actor's motive, the interests of the other with which the actor's conduct interferes, the interests sought to be advanced by the actor, the social interests in protecting the freedom of action of the actor and the contractual interests of the other,...) and the decision whether the interference is improper "depends upon a judgment and choice of values in each situation." Id., § 767, comment (b).
There is no allegation that Dr. Angelo acted with an improper motive or purpose. Public policy does not demand the imposition of a duty under the facts alleged. Moreover, recognition of such a broad, ill-defined duty in this case ignores the Supreme Court's decision not to
adopt whole and undigested the fully expanded common law doctrine of interference with contract, consisting of "a rather broad and undefined tort in which no specific conduct is proscribed and in which liability turns on the purpose for which the defendant acts, with the indistinct notion that the purposes must be considered improper in some undefined way."
9 to 5 Fashions, 538 So.2d at 234.
The petition does not allege an improper interference based on public policy.
Duty Based On Unfair Trade Practices And Consumer Protection Law
MD Care argues Dr. Angelo's duty arises from the Louisiana Unfair Trade Practices and Consumer Protection Law. La. R.S. 51:1401 et seq. The argument seems to be that La.R.S. 51:1401 et seq. imposes a duty which, if breached, might constitute tortious interference with contractual relations.
Restatement Second Torts, § 767 p. 31 states that unlawful conduct may render an interference improper:

Unlawful conduct. Conduct specifically in violation of statutory provisions or contrary to established public policy may for that reason make an interference improper. This may be true, for example, of conduct that is in violation of antitrust provisions or is in restraint of trade or of conduct that is in violation of statutes, regulations, or judicial or administrative holdings regarding labor relations.
La.R.S. 51:1405(A) provides:
Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.
The statutory definition of an unfair practice is broad and subjectively stated and does not specify particular violations. Jarrell v. Carter, 577 So.2d 120, 123 (La.App. 1st Cir.), *974 writ den. 582 So.2d 1311 (La.1991). A practice is unfair when it offends established public policy and when the practice is unethical, oppressive, unscrupulous, or substantially injurious. Id. Any person who suffers damage as a result of an unfair or deceptive act or practice which is unlawful under § 1405 has a private cause of action. La.R.S. 51:1409.
No Louisiana court has specifically considered the relationship between the Unfair Trade Practice and Consumer Protection Law and intentional interference with contractual relations. See American Waste & Pollution Control Co. v. Browning-Ferris, Inc., 949 F.2d 1384, 1391-92 (5th Cir.1991).
Jarrell v. Carter, 577 So.2d 120 considered whether plaintiff stated a cause of action under R.S. 51:1401 et seq. Plaintiff offered to purchase a distributor of Anheuser-Busch, Inc. Anheuser itself allegedly wanted to purchase the distributor. To discourage the sale to plaintiff and other prospective purchasers, Anheuser allegedly undervalued the distributor, disapproved the sale to plaintiff because plaintiff's offer was excessive, and threatened to disclose the low valuation to plaintiff's financial backers. The First Circuit held plaintiff stated a cause of action for unfair trade practices. Jarrell, 577 So.2d at 123-24. Though plaintiff asserted an interference claim, the Court did not decide whether the petition stated a cause of action for tortious interference with a contract.
MD Care alleges Dr. Angelo made an offer to Dr. Brown which induced Dr. Brown to breach his agreement with MD Care. This is distinguishable from Jarrell because MD Care does not allege threats or deception by Dr. Angelo. MD Care does not allege facts which render Dr. Angelo's action unfair or deceptive and therefore unlawful under R.S. 51:1401 et seq. We decline to extend the cause of action for intentional interference with a contract to include a violation of the Unfair Trade Practice and Consumer Protection Law where the violation is not sufficiently alleged.

Abuse of Rights
MD Care argues its petition states a cause of action for abuse of rights (though it admits it did not specifically plead that theory of recovery). MD Care is correct that Louisiana abolished the "theory of the case" doctrine. See Ziegel v. South Central Bell, 93-547 (La.App. 5 Cir. 3/16/94), 635 So.2d 314, 316.
Under the abuse of rights doctrine the holder of an individual right may not exercise that right to the detriment of another simply for the sake of exercising it. The doctrine is applied only in limited circumstances because its application renders unenforceable one's otherwise judicially protected rights. Truschinger v. Pak, 513 So.2d 1151, 1154 (La.1987). Abuse of rights requires:
1) a right is used exclusively to harm another, or the predominant motive for exercising a right is to cause harm;
2) there is no serious and legitimate interest in the exercise of a right;
3) the exercise of a right is against moral rules, good faith, or elementary fairness; or
4) a right is exercised for a purpose other than that for which it was granted.
Under MD Care's allegations, Dr. Angelo's offer to Dr. Brown does not rise to an abuse of rights. There is no allegation that Dr. Angelo acted exclusively to harm MD Care, had no legitimate business motive, or acted against moral rules, good faith, or elementary fairness. MD Care did not state a cause of action for abuse of rights.
We grant Dr. Angelo's exception of no cause of action and dismiss MD Care's claims against Dr. Angelo. Dr. Angelo's motion to compel is moot, and that writ application (95-C-2362) is pretermitted.
REVERSED.
ARMSTRONG, Judge, dissents:
I would deny relator's writ applications on the showings made.