Judgment rendered December 18, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,911-CW

## COURT OF APPEAL
## SECOND CIRCUIT
## STATE OF LOUISIANA

* * * * *

MARK A. FURLOW                                    Respondent

versus

BYRON E. TRUST AND PETRO-              Applicants
CHEM OPERATING COMPANY,
INC.

* * * * *

On Application for Writs from the
Second Judicial District Court for the
Parish of Claiborne, Louisiana
Trial Court No. 42,595

Honorable Walter E. May, Jr., Judge

* * * * *

COOK, YANCEY, KING & GALLOWAY          Counsel for Applicants
By: John T. Kalmbach
      W. Drew Burnham
      J. Bert Babington

COLVIN, SMITH, McKAY & BAYS            Counsel for Respondent
By: James H. Colvin, Jr.
      Daniel N. Bays, Jr.

* * * * *

Before PITMAN, STONE, and STEPHENS, JJ.

**PITMAN, C. J.**

Defendants-Applicants Byron E. Trust and Petro-Chem Operating Company, Inc. ("Petro-Chem") seek supervisory writs on the district court's denial of their motion for summary judgment in favor of Plaintiff-Respondent Mark A. Furlow. For the following reasons, we grant the writ, reverse the judgment of the district court and grant Trust and Petro-Chem's motion for summary judgment, dismissing Furlow's petition with prejudice.

## FACTS

On February 25, 2022, Furlow filed a petition for damages against Petro-Chem and Trust, who is Petro-Chem's chief operating officer. He stated that he is a plaintiff in a class action lawsuit filed on January 31, 2022, against Petro-Chem for conversion of minerals. Furlow alleged that on February 24, 2022, Trust contacted his employer, Roberson Trucking Company, Inc. ("Roberson Trucking"), and asked its owner, Ricky Roberson ("Roberson"), if he still worked there; Roberson confirmed that he did; and Trust informed Roberson that if Furlow continued to work there, Petro-Chem would cease using Roberson Trucking as a vendor. Furlow stated that Roberson then terminated him due to the volume of business that Roberson Trucking does with Petro-Chem. He argued that these actions by Trust, individually and on behalf of Petro-Chem, constitute unfair and/or deceptive acts in violation of the Louisiana Unfair Trade Practices Act ("LUTPA"). He stated that his injuries include past and future lost wages, past and future lost business opportunities, general damages, attorney fees and costs.

On October 30, 2023, Trust and Petro-Chem filed an answer and denied Furlow's allegations. They argued that Furlow failed to state a cause of action because as an at-will employee, his termination cannot be the basis

for a claim under LUTPA. They stated that Furlow has not alleged any actual damages they caused or for which they are liable.

On November 2, 2023, Trust and Petro-Chem filed a motion for summary judgment. They argued that even if Furlow's allegations are true, he has not stated a cause of action against them under LUTPA. They explained that as Louisiana is an at-will employment state, Furlow can be terminated for any reason, regardless of whether the reason was accurate, fair or reasonable. They contended that even if Furlow stated a cause of action, there are no genuine issues of material fact that Trust or any other Petro-Chem representative had anything to do with Furlow's termination.

On March 18, 2024, Furlow filed an opposition to the motion for summary judgment, stating that the basis of his lawsuit is that Trust and Petro-Chem violated LUTPA by giving Roberson an ultimatum to either terminate him or no longer have Petro-Chem as a client. He argued that genuine issues of material fact exist regarding whether Trust and/or Petro-Chem threatened to stop working with Roberson Trucking unless Roberson terminated him in retaliation for his suit against Petro-Chem.

A hearing on the motion for summary judgment was held on April 4, 2024. The district court denied the motion for summary judgment, finding that there is a genuine issue of material fact in this matter.

Trust and Petro-Chem applied for supervisory writs. This court granted the writ to docket.

## DISCUSSION

In their sole assignment of error, Trust and Petro-Chem argue that the district court erred by denying their motion for summary judgment. They contend that as an at-will employee, Furlow has no cause of action against

2

them, under LUTPA or otherwise, for the termination of his employment, even if his unsubstantiated version of the facts is accepted as true. They argue that the termination of an at-will employee cannot serve as the basis for a claim under LUTPA and that Furlow cannot circumvent this law by suing them as third parties rather than his employer.

Furlow argues that the district court did not abuse its discretion by denying the motion for summary judgment. He contends that it correctly concluded that it was not in a position to determine whether Trust demanded that Roberson terminate Furlow. He argues that Trust's actions are violations of LUTPA as they violate public policy and are unethical, oppressive, unscrupulous or substantially injurious.

A motion for summary judgment shall be granted if the motion, memorandum and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.* A fact is material when its existence or nonexistence may be essential to a plaintiff's cause of action under the applicable theory of recovery. *Peironnet v. Matador Res. Co.*, 12-2292 (La. 6/28/13), 144 So. 3d 791. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success or determines the outcome of the legal dispute. *Hines v. Garrett*, 04-0806 (La. 6/25/04), 876 So. 2d 764. A genuine issue is one as to which reasonable persons could disagree. *Id.* If reasonable

persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Id.*

Appellate courts review motions for summary judgment de novo, using the same criteria that govern the district court's determination of whether summary judgment is appropriate. *Noland v. Lenard*, 55,342 (La. App. 2 Cir. 11/15/23), 374 So. 3d 1133, *writ denied*, 23-01670 (La. 2/14/24), 379 So.3d 32.

In *Quebedeaux v. Dow Chem. Co.*, 01-2297 (La. 6/21/02), 820 So. 2d 542, the Louisiana Supreme Court discussed Louisiana's at-will employment doctrine and stated:

> The employer-employee relationship is a contractual relationship. . . . When the employer and employee are silent on the terms of the employment contract, the civil code provides the default rule of employment-at-will. . . . This default rule is contained in LSA–C.C. art. 2747.
>
> Under LSA–C.C. art. 2747, generally, "an employer is at liberty to dismiss an employee at any time for any reason without incurring liability for the discharge." *See Williams v. Delta Haven, Inc.,* 416 So.2d 637 (La. App. 2nd Cir.1982). However, this right is tempered by numerous federal and state laws which proscribe certain reasons for dismissal of an at-will employee. . . . Aside from the federal and state statutory exceptions, there are no "[b]road policy considerations creating exceptions to employment at will and affecting relations between employer and employee." *See Gil v. Metal Service Corp.,* 412 So. 2d 706, 708 (La. App. 4th Cir. 1982).

*See also Hayes v. Univ. Health Shreveport, LLC*, 21-01601 (La. 1/7/22), 332 So. 3d 1163.

LUTPA declares unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce to be unlawful. La. R.S. 51:1405(A). Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method,

4

act or practice declared unlawful by R.S. 51:1405 may bring an action individually. La. R.S. 51:1409(A). The range of prohibited practices under LUTPA is extremely narrow. *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 09-1633 (La. 4/23/10), 35 So. 3d 1053. LUTPA does not prohibit sound business practices, the exercise of permissible business judgment or appropriate free enterprise transactions. *Id.*, *quoting Turner v. Purina Mills, Inc.*, 989 F.2d 1419 (5th Cir. 1993). Only egregious actions involving elements of fraud, misrepresentation, deception or other unethical conduct will be sanctioned based on LUTPA. *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, *supra*. Under LUTPA, the plaintiff must show the alleged conduct offends established public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious. *Id.*, *citing Moore v. Goodyear Tire & Rubber Co.*, 364 So. 2d 630 (La. App. 2 Cir. 1978).

In the case *sub judice*, Furlow was an at-will employee of Roberson Trucking, and Roberson was at liberty to terminate his employment at any time for any reason. Terminating an at-will employee is not an unfair trade practice. *See In re Anderson*, 539 B.R. 277 (Bankr. W.D. La. 2015); *Sonnier v. Diversified Healthcare-Lake Charles, LLC*, 22-420 (La. App. 3 Cir. 4/26/23), 364 So. 3d 1213.

Furlow notably did not seek relief against his employer for wrongful termination but rather sought a LUTPA claim against Trust and Petro-Chem, who were involved in business with Roberson and Roberson Trucking. Furlow cannot use a LUTPA claim against third parties as pretext to avoid an unsuccessful claim of tortious interference of contract against them. *See Durand v. McGaw*, 635 So. 2d 409 (La. App. 4 Cir. 1994), *writ denied*, 640 So. 2d 1318 (La. 1994). No genuine issues as to material fact exist in

5

this case. It is clear from the motion, memorandum and supporting documents that Furlow cannot succeed in his LUTPA claim against Trust and Petro-Chem, even if his allegations of the telephone call between Trust and Roberson are true. The record in this case demonstrates that Trust and Petro-Chem—and Roberson and Roberson Trucking—were engaged in sound business practices and permissible business judgment that did not violate the narrow range of prohibited practices under LUTPA.

Accordingly, we find that this assignment of error has merit.

## CONCLUSION

For the foregoing reasons, we grant the writ, reverse the judgment of the district court, grant the motion for summary judgment filed by Defendants-Applicants Byron E. Trust and Petro-Chem Operating Company, Inc. and dismiss with prejudice Plaintiff-Respondent Mark A. Furlow's petition. Costs of this appeal are assessed to Plaintiff-Respondent Mark A. Furlow.

**WRIT GRANTED; JUDGMENT REVERSED; JUDGMENT RENDERED; PETITION DISMISSED WITH PREJUDICE.**