485 So.2d 613 (1986)
Roland MITCHELL
v.
Allen R. CRANE, et al.
No. CA-3322.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1986.
*614 Valerie Jonas, Howell & Bayer, New Orleans, for plaintiff Roland Mitchell.
Jesse S. Guilott, New Orleans, for third-party defendant Edward S. Brooks.
Before BARRY, WARD and ARMSTRONG, JJ.
BARRY, Judge.
Roland Mitchell filed a worker's compensation suit against Alan Crane alleging a disability caused by a fall from a ladder while repairing Crane's roof. Crane was served, answered and third-partied Edward Brooks who was his roofing contractor. The sheriff's return indicates Brooks was served the answer, the third party petition and original petition on November 16, 1983. Another return indicates Brooks was served the original petition with interrogatories on December 13, 1983.
Mitchell filed an amending and supplemental petition naming Brooks as a defendant, but the request for service mistakenly named "Ed S. Smith" instead of Ed S. Brooks.[1] There is no return in the record to show service of the supplemental petition on Brooks.
A preliminary default was entered against Brooks on January 3, 1984 because Mitchell's motion stated Brooks received service of citation December 13, 1983 (November 16, 1983 had been scratched out). The return indicates only the "original petition with interrogatories" was served on that date. On March 15, 1984 the preliminary default based upon the amended petition was confirmed against Brooks for past due compensation, medicals, future weekly compensation benefits, attorney's fees and penalties. A judgment debtor rule was filed and satisfied.
Brooks filed a petition for nullity asking that the judgment be set aside and for costs, attorney's fees, and damages. The petition does not mention the supplemental petition naming him a defendant in Mitchell's original suit. Brooks alleges ill practices, fraud and deceit, but never mentions lack of or insufficient service. He factually disputes the compensation claim, alleges Mitchell's negligence and attaches his affidavit on the facts.
*615 Mitchell filed an exception of no cause of action alleging the petition related only to matters of fact and did not address any ill practices in obtaining the default judgment. His supporting memo declares Brooks was served with the supplemental petition on November 16, 1983. The trial court maintained the exception and dismissed the action for nullity with prejudice.
Brooks appeals specifying as error improper service and the dismissal of his petition for nullity.[2] Mitchell answered the appeal asking for total and permanent disability benefits, frivolous appeal damages, penalties and attorney's fees (already granted below).
An exception of no cause of action raises the question of whether the law affords a remedy to anyone based only upon the well-pleaded allegations of fact in the petition under any theory of the case. Mott v. River Parish Maintenance, Inc., 432 So.2d 827 (La.1983). The purpose is to determine the sufficiency in law of the petition. The exception is triable on the face of the papers. For the purpose of determining the issues raised by the exception, well pleaded facts in the petition and any annexed documents must be accepted as true. La.C.C.P.Art. 927; Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La. 1984).
An exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based. The plaintiff must have no cause of action under any evidence admissible under the pleadings. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984).
The cause of action at issue here is a petition for nullity. According to La.C.C. P.Art. 2004 any final judgment obtained by "fraud and ill practices" may be annulled. Actionable fraud or ill practice is found when the circumstances under which the judgment is rendered show the deprivation of legal rights of the party seeking relief and enforcement of the judgment would be unconscionable. Johnson v. Jones-Journet, 320 So.2d 533 (La.1975).
Thus, the article is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable. (citations omitted) Kem Search, Inc., v. Sheffield, 434 So.2d 1067, 1070 (La.1983).
Brooks alleged fraud and ill practices in his petition. To illustrate he lists facts to the effect that Mitchell had never been Brooks' employee (only a friend) and that Brooks had no roofing contract with Crane at the time of the alleged accident. He also alleges Mitchell's injuries were caused by his own negligence. Brooks' affidavit states he was present bidding for the roofing job and Mitchell was not an employee.
Absence of a valid and sufficient reason for a party's failure to defend a suit in which a default judgment was taken precludes that party from later maintaining an action for nullity of the judgment based on fraud or ill practices which could and should have been pleaded in the original suit. Blackburn v. Deason, 447 So.2d 617 (La.App. 4th Cir.1984); Steele v. Ruiz, 202 So.2d 376 (La.App. 4th Cir.1967).
Arguably, the facts set out by Brooks constitute defenses which should have been raised in answer to the suit. On those grounds he was not entitled to annul the default judgment.
Our concern is the no cause of action exception. Limited to a consideration of the petition and the attached affidavit we must conclude, as did the trial court, that Brooks did not state a cause of action for nullity of the judgment. However, he alleges *616 fraud and ill practices and it is possible allegations of specific actions or practices which deprived him of some legal right or opportunity to properly defend could be made to state a cause of action under La.C. C.P.Art. 2004.
In brief Brooks also alleges as his second error that he was served with only the original, not the supplemental petition. Lack of service cannot be considered for the first time on appeal. Young v. Warner, 283 So.2d 547 (La.App. 1st Cir.1973); Crescent Welding Supply Company v. Harding, 197 So.2d 405 (La.App.4th Cir. 1967). But the record indicates Brooks might state a cause of action under La.C. C.P. Art. 2002(2), which provides that a judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken.
Because it is possible Brooks could state a cause of action, the trial court should not have dismissed Brooks' suit for nullity and allowed him an opportunity to amend the petition under La.C.C.P.Art. 934. See Williams v. Sistrunk, 417 So.2d 14 (La.App. 4th Cir.1982); HMC Management Corporation v. New Orleans Basketball Club, 375 So.2d 700 (La.App. 4th Cir.1979), writ denied 378 So.2d 1384 and 379 So.2d 11 (La.1980).
That portion of the judgment maintaining the exception of no cause of action is affirmed; that portion dismissing Brooks' suit for nullity is reversed and set aside. The case is remanded to allow Brooks to amend his petition in accordance with La.C. C.P.Art. 934.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
NOTES
[1] There were subsequent pleadings and motions not at issue in this appeal.
[2] The third specification not argued in brief is considered abandoned. Uniform RulesCourts of Appeal 2-12.4.