629 So.2d 1299 (1993)
Robert NEEL
v.
CITRUS LANDS OF LOUISIANA, INC., and James McRea.
No. 93-CA-1366.
Court of Appeal of Louisiana, Fourth Circuit.
December 16, 1993.
*1300 Terry A. Bell, Belle Chasse, for plaintiff-appellant.
Samuel F. Reynolds, Jr., Lugenbuhl, Burke, Wheaton, Peck, Rankin & Hubbard, New Orleans, for defendants-appellees.
Before BYRNES and JONES, JJ., and JOHN A. DIXON, Jr., J. Pro Tem.
BYRNES, Judge.
Robert Neel sued Citrus Lands of Louisiana, Inc., claiming that Citrus Lands wrongfully denied him access to property owned by Citrus Lands but subject to a mineral lease in favor of EuroAmerican Energy Group. EuroAmerican was Mr. Neel's employer for a job which Neel apparently held concurrently with employment by Citrus Lands. Citrus Lands filed exceptions of no cause of action, no right of action, improper joinder of parties and vagueness. Judgment was rendered in favor of Citrus Lands sustaining its exception of no cause of action and dismissing Mr. Neel's claim. We reverse.
This appeal turns on Mr. Neel's allegations contained in paragraph 10 of his amended petition:
Plaintiff alleges that he has been damaged by the following wrongful acts of Defendants:
1. barring Petitioner from CITRUS LANDS' properties in violation of the mineral lease agreement between CITRUS LANDS and the predecessor to EuroAmerican Energy Group; and,
2. intentionally causing Petitioner damage and financial loss by restricting Petitioner's access to the property when Defendants knew or should have known that said action would cost Petitioner his job with EuroAmerican; and,
3. wrongfully interfering with Petitioner's employment relationship with EuroAmerican; and,
4. other wrongful acts, the extent of which will be proven through discovery and trial of this matter.
Mr. Neel claims that the mineral lease between Citrus Lands and EuroAmerican grants EuroAmerican and Mr. Neel as its employee the right of access to the property of Citrus Lands encompassed by the mineral lease. Mr. Neel contends that he lost his job and sustained related damages because Citrus Lands barred him from its property contrary to the mineral lease.
Mr. Neel asserts that the trial court misperceived his claim as being grounded in wrongful discharge. Mr. Neel does not claim the right to enter the property in his capacity as a former employee of Citrus Lands.
The mineral lease was not attached to the plaintiff's petitions. Nor does it appear from the record that it was admitted without objection at the trial of the exception. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. art. 931. Therefore this court can only accept as true Mr. Neel's allegations concerning the contents of the lease.[1]
*1301 The trial court's reading of 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La. 1989) is too narrow. In 9 to 5 Fashions the court reviewed the history of the Louisiana law on intentional interference with contractual relations. The court concluded that Louisiana's reluctance to entertain such claims was outmoded as well as being based on the faulty methodology of codal interpretation employed by the court in the landmark case of Kline v. Eubanks, 109 La. 241, 33 So. 211 (1902). The reasoning the court used in repudiating the line of cases spawned by Kline v. Eubanks is clearly of broader application than the narrow facts found in 9 to 5 Fashions. The court said in 9 to 5 Fashions that it recognized at that time "... only a corporate officer's duty to refrain from intentional and unjustified interference with the contractual relation between his employer and a third person." However, throughout the opinion there is the strong implication that the court recognized that the Louisiana law of intentional interference with contractual relationships should be far broader than the narrow facts before the court in 9 to 5 Fashions, although less broad than the amorphous law of some jurisdictions that seemed insusceptible of definition and reasonable limitation.
Nor do we agree with the excessively narrow view of 9 to 5 Fashions found in Lynn v. Berg Mechanical, Inc., 582 So.2d 902 (La. App. 2 Cir.1991). It would have been more appropriate for the court in Lynn v. Berg to have found that the facts (which are very different from the instant case) did not warrant relief on the basis of intentional interference with contractual relationships rather than imply that the only such cause of action is the one involving a corporate officer meeting the precise criteria set forth in 9 to 5 Fashions, Inc.
The substance of Mr. Neel's petition which we must accept as true, includes elements of coercion and intent. These elements raise public policy considerations that are more compelling than those found in 9 to 5 Fashions. If Mr. Neel can establish that Citrus Lands had a duty to allow him to go on the land leased to EuroAmerican, then he may well be able to prove that Citrus Lands violated that duty and is liable for the consequent damages such as the loss of his job. To deny a worker access to his place of employment without right is a serious claim.
Citrus Lands argues that Mr. Neel was not a party to the mineral lease and that only EuroAmerican can assert the right of access. The lease is not before us. In its absence we cannot say that it confers no rights explicitly or implicitly to Mr. Neel. We do note that EuroAmerican can only act through its employees and agents. If the lease provides any right of access to EuroAmerican it must, by necessary implication include those employed by EuroAmerican to do work in connection with the mineral lease. How this might affect Mr. Neel's claim, we are unable to determine at this stage.
No technical forms of pleading are required. LSA-C.C.P. art. 854. If a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled. Hero Lands Company v. Texaco, Inc., 310 So.2d 93, 96 (La.1975). In considering a petition against which an exception of no cause of action has been raised, every reasonable interpretation must be accorded its language in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Id. Pleadings must be reasonably construed so as to afford litigants their day in court, to arrive at the truth and to avoid a miscarriage of justice. Id. See also Sevarg Co., Inc. v. Energy Drilling Co., 591 So.2d 1278 (La.App. 3 Cir. 1991) writ denied 595 So.2d 662 (La.1992).
The Code of Civil Procedure does not require Mr. Neel to annex the mineral lease to his petition. Nor does it require him to copy the lease provisions into his petition. It is sufficient that he plead generally, as he did, that when Citrus Lands entered into that *1302 lease it relinquished its rights to bar his access to the property.
For the foregoing reasons the judgment of the trial court is reversed.
REVERSED.
NOTES
[1] Citrus Lands cites LSA-C.C.P. art. 931 and Mitchell v. Crane, 485 So.2d 613, 615 (La.App. 4 Cir.1986) in support of the erroneous contention that since the mineral lease was not annexed to Mr. Neel's petition it "cannot be considered when determining whether the plaintiff possesses a cause of action against the defendants." In effect, Citrus Lands argues that in the absence of the lease this court must assume for purposes of this exception that Mr. Neel has no rights under the lease and/or Citrus Lands gave up no rights under the lease. LSA-C.C.P. art. 931 and Mitchell stand for just the opposite. In the absence of the mineral lease we must assume that Mr. Neel's allegations concerning the lease are true. For purposes of this exception Citrus Lands may introduce no evidence, not even the lease, to refute those allegations. This court made that clear in Mitchell

For the purpose of determining the issues raised by the exception, well pleaded facts in the petition and any annexed documents must be accepted as true. La.C.C.P. art. 927; Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La. 1984). [Emphasis added]
An exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based. The plaintiff must have no cause of action under any evidence admissible under the pleadings. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). Id. at 485 So.2d 615.