780 So.2d 493 (2001)
Leonard J. SPEARS
v.
AMERICAN LEGION HOSPITAL.
No. 00-865.
Court of Appeal of Louisiana, Third Circuit.
January 31, 2001.
*494 Steven G. Durio, Robert L. Broussard, Durio, McGoffin & Stagg, Lafayette, LA, Counsel for Appellants/Leonard J. and Debra L. Spears.
Kim R. Hayes, Crowley, LA, Counsel for Appellees/Members of the Ad Hoc Committee of the Membership of the American Legion Hospital.
Court composed of DOUCET, Chief Judge, SULLIVAN, and GREMILLION, Judges.
DOUCET, Chief Judge.
Plaintiffs, Leonard J. Spears and his wife, Debra L. Spears, appeal a judgment of the trial court sustaining an Exception of No Cause of Action, filed by Defendants, Murphy Guidry, Preston Mauboules, Leonard Kersten, A.B. Domingue, Gervice L. Hoffpauir, Kenneth Guidry, Wilton Thibodeaux, Boyd Linhart, Dr. B.C. de la Houssaye, and Dr. T.L. McNeely, collectively known as the Ad Hoc Committee of the Membership of the American Legion Hospital, Inc. (the Ad Hoc Committee) and dismissing Plaintiffs suit against the Ad Hoc Committee members at Plaintiffs' costs. We affirm the judgment of the trial court.

FACTS
Plaintiff, Leonard J. Spears, was employed by the American Legion Hospital as its Chief Executive Officer from January 1973 until October 1998. There existed a contract of employment during that time period. However, on July 1, 1998, Spears and American Legion Hospital entered into a new contract referred to as the "Transitional Compensation and Retirement Agreement." This agreement, among other things, gave Spears various benefits and monies, some of which were to carry on into the future.
The agreement was between the Board of Directors of the American Legion Hospital and Spears. During the early part of October 1998, the Board of Directors of the American Legion Hospital agreed to modify the agreement by accelerating Spears' retirement date to October 15, 1998. Basically, at that time, the American Legion Hospital paid Spears all monetary compensation and benefits currently due under the agreement and agreed to continue to pay the future benefits. However, on June 24, 1999, the Board of Directors of American Legion Hospital passed a resolution to revoke and terminate all present and future benefits payable to Spears under the agreement. Based on the actions of the Board of Directors of the American Legion Hospital, Plaintiffs filed this suit against the excepting Defendants and twenty other named Defendants on July 26, 1999. Plaintiffs allege that Mr. Spears' former employer, Defendant American Legion Hospital, breached its contract with Mr. Spears by unilaterally terminating his Transitional *495 Compensation and Retirement Agreement. They sought specific performance of the Agreement and damages for its breach from American Legion Hospital, damages for breach of the Agreement's confidentiality obligation from the Hospital and other Defendants, and damages for tortious interference with Mr. Spears' contract from a number of Defendants.
Most of the originally named twenty-one Defendants filed exceptions to Plaintiffs' suit. The Ad Hoc Committee filed a peremptory exception of no cause of action on August 26, 1999. Two other exceptions of no cause of action were filed, one by Defendant American Legion Post 15 and the other by Louisiana State Newspapers, Inc., Crowley Post-Signal, Inc., Ken Grissom, Milo Nickel, and Harold Gonzales. These exceptions were all directed, at least in part, to Plaintiffs' allegations that these Defendants had taken certain actions which constituted intentional and tortious interference with Mr. Spears' contractual rights under the Transitional Compensation and Retirement Agreement entered into between Mr. Spears and the American Legion Hospital Board of Directors. These exceptions were heard before the trial court on Monday, September 20, 1999.
At the conclusion of the hearing, the trial court found merit to all three Exceptions of No Cause of Action, dismissing Plaintiffs' claims against all excepting Defendants. Pursuant to Louisiana Code of Civil Procedure article 934, the trial court granted Plaintiffs ten business days within which to amend their petition to state a cause of action against the excepting Defendants.
Plaintiffs timely filed a First Supplemental, Amended and Restated Petition, including therein claims against all previously named Defendants, save for American Legion Post 15, which was dismissed with prejudice, and Dr. Dan Elfert, who was dismissed by Plaintiffs without prejudice.
The Ad Hoc Committee, again filed Peremptory Exceptions of No Right or Cause of Action on October 20, 1999. These exceptions were heard on Monday, November 29, 1999. Following the hearing, the trial court once again granted the Exception of No Cause of Action and dismissed Plaintiffs' suit at their costs. It is from that judgment that Plaintiffs now appeal.

LAW AND DISCUSSION
In Jones v. Tezeno, 99-1693, pp. 3-4 (La.App. 3 Cir. 3/1/00), 758 So.2d 896, 898-99, this court reviewed the law applicable to the appellate review of an exception of no cause of action, stating as follows:
A peremptory exception of no cause of action presents a question of law, thus on this appeal we review this issue de novo. City of New Orleans v. Board of Com'rs, 93-0690 (La.7/5/94), 640 So.2d 237. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, 616 So.2d 1234 (La.1993).
No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ.P. art. 931. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Id.; City of New Orleans, 640 So.2d 237. Simply, if the petition alleges sufficient facts to establish a case cognizable in law, an exception of no cause of action must fail. Rebman v. Reed, 286 So.2d 341 (La. 1973).
Our inquiry is whether Louisiana law affords ... [Plaintiffs] a remedy based upon the facts alleged in his petition. Our inquiry is not whether ... [Plaintiffs] will eventually prevail at trial.
Further, in considering the exception, all reasonable inferences are made in favor of the non-moving party and all well-pleaded *496 facts in the petition are accepted as true. The moving party has the burden of showing that the plaintiff has not stated a cause of action. City of New Orleans v. Bd. of Directors of La. State Museum, 98-1170 (La.3/2/99), 739 So.2d 748.
To determine if "plaintiff is afforded a remedy in law based on the facts alleged in the pleading" we must first define the alleged tortious conduct, i.e., the alleged intentional interference with Plaintiff's contract.
The common law remedy for interference with a contract is based on the theory that there is a point beyond which no member of the community may go to intentionally meddle in the business affairs of another. MD Care, Inc. v. Angelo, 95-2361 (La.App. 4th Cir.3/20/96), 672 So.2d 969, writ denied, 96-0986 (La.5/31/96), 673 So.2d 1039. Historically, a cause of action for tortious interference with a contract was not available in Louisiana. Kline v. Eubanks, 109 La. 241, 33 So. 211 (1902). However, in 9 to 5 Fashions Inc. v. Spurney, 538 So.2d 228 (La.1989), the Louisiana Supreme Court recognized a narrowly defined cause of action for the breach of duty by a corporate officer to refrain from intentionally and unjustifiably interfering with a contractual relationship between the officer's corporate employer and the particular plaintiff. Krebs v. Mull, 97-2643 (La.App. 1st Cir.12/28/98), 727 So.2d 564, writ denied, 99-0262 (La.3/19/99), 740 So.2d 119; Lynn v. Berg Mechanical, Inc., 582 So.2d 902 (La.App. 2d Cir.1991).
In 9 to 5 Fashions, Inc. v. Spurney, supra, the court stated that it did not intend to adopt "whole and undigested the fully expanded common law doctrine of interference with contract, consisting of `a rather broad and undefined tort in which no specific conduct is prescribed and in which liability turns on the purpose for which the defendant acts, with the indistinct notion that the purposes must be considered in some undefined way.'" -Krebs v. Mull, supra. The court recognized only a corporate officer's duty to refrain from intentional and unjustified interference with the contractual relationship between his employer and a third person. In 9 to 5 Fashions v. Spurney, supra, the court stated:
[A]n officer of a corporation owes an obligation to a third person having a contractual relationship with a corporation to refrain from acts intentionally causing the company to breach the contract or to make performance more burdensome, difficult or impossible or of less value to the one entitled to performance, unless the officer has reasonable justification for his conduct. The officer's action is justified, and he is entitled to a privilege of immunity, if he acted within the scope of his corporate authority and in the reasonable belief that his action was for the benefit of the corporation.

9 to 5 Fashions, Inc. v. Spurney, supra, recognized that the action against a corporate officer for intentional and unjustified interference with contractual relations has separate elements: (1) the existence of a contract or a legally protected interest between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3) the officer's intentional inducing or causing the corporation to breach the contract or his intentional rendering of performance under the contract impossible or more burdensome; (4) absence of justification on the part of the officer; and (5) causing damage to the plaintiff by breach of contract of by rendering performance of the contract impossible or difficult. See also Lynn v. Berg Mechanical, supra.

Subsequently, in Great Southwest Fire Insurance Company v. CNA Insurance Companies, 557 So.2d 966 (La. 1990), the Louisiana Supreme Court reaffirmed its intention to proceed with caution in expanding a cause of action *497 for interference with a contract. In Great Southwest, the court declined to recognize a cause of action for negligent interference with a contract. In that case, an excess liability insurer sued a primary insurer to recover for sums paid because of the primary insurer's alleged bad faith failure to defend and settle a suit. The court concluded that the primary insurer owed no duty of care or even of good faith performance to the excess insurer of its insured. In so holding, the court recognized that courts generally have refused "to cross the bright line that has traditionally marked negligence claims for economic harm as off limits which would require them to substitute a case-by-case adjudication on the issue of proximate cause." The court also noted that eminent tort scholars have observed that many of the cases concerning the existence of an action for negligent interference with contract are best understood in light of a general inhibition in negligence law against compensation "for purely economic loss not the result of either bodily harm to the claimant or physical injury to property in which claimant has a propriety interest."
In Louisiana, this court has limited the application of 9 to 5 Fashions, Inc. v. Spurney, supra, to its facts. Where the interference alleged is beyond the cause of action created in that decision, the trial court is correct in denying the claim. A & W Sheet Metal, Inc. v. Berg Mechanical, 26,799 (La.App.2d Cir.4/5/95), 653 So.2d 158.
The wisdom of the Louisiana Supreme Court's pronouncement in this area of the law recognizes the broad basis for delictual liability furnished by La. C.C. art. 2315, but also recognizes the need to avoid blurring the distinction between tort claims and contract claims. The rules governing contract disputes and breaches are separate from those governing offenses and quasi offenses, and these separate legal domains should not overlap unless there is a duty on the part of a person or legal entity, separate and apart from the obligations created by the terms of a contract. Thus, in Spurney, an exception to the general prohibition against an action for interference with contract was found because the court recognized a duty on the part of a corporate officer to a third person having a contractual relationship with the corporation to which the officer owed a fiduciary duty. On the other hand, in Great Southwest the court found no duty owed by a primary insurer to an excess insurer.
Subsequent opinions from Louisiana appellate courts have applied this duty analysis and have maintained the distinction between matters properly brought in tort and matters properly brought as contract actions. In MD Care, Inc. v. Angelo, supra, a prior employer of a physician brought suit against a present employer, alleging that the present employer had intentionally interfered with a contract between the prior employer and the physician. The defendant was alleged to have offered the physician money to cancel his agreement with the plaintiff, and the physician allegedly accepted. The trial court denied the defendant's exception of no cause of action, but the appellate court reversed. The appellate court observed that the plaintiff did not allege that the defendant misrepresented or suppressed the truth, and there was no allegation that the defendant acted with an improper motive or purpose. The court rejected the plaintiff's argument that public policy demands that a third person not interfere with a known contract between two others. The court stated that public policy did not demand the imposition of a duty under the facts alleged in that case, and that recognition of such a "broad, ill-defined duty" would ignore the supreme court's decision in Spurney not to adopt the fully expanded common law doctrine of interference with contract. See also A & W Sheet *498 Metal, Inc. v. Berg Mechanical, Inc., supra, in which this court rejected a claim for intentional interference with a contract brought by one sub-subcontractor against another.
Healthcare Management Services, Inc v. Vantage Healthplan, Inc., 32,523, pp. 3-6 (La.App. 2 Cir. 12/8/99), 748 So.2d 580, 582-83.
In Cowen v. Steiner, 96-830 (La.App. 3 Cir. 1/22/97), 689 So.2d 516, a panel of this court attempted to expand the holding in 9 to 5 Fashions, Inc. to a situation in which a doctor, the chief of staff at Sabine Valley Hospital, L.L.C., refused to continue his relationship with the hospital unless the hospital terminated its contract with Amanda Cowen, a marketing representative. In Cowen, a panel of this court stated:
Under the allegations in this case, we see no valid reason to shield Dr. Steiner from a lawsuit, for which a corporate officer would be held amenable, simply because Dr. Steiner was not, in title, a corporate officer. We reach this conclusion because of the corporate context of the allegations and because it appears from the pleadings that Dr. Steiner had the power or influence that a corporate officer might have. We see no meaningful reason to relieve him of the accountability for his use of such influence and power in the corporate context simply because he did not have the title. Thus, we hold that Ms. Cowen has stated a cause of action against Dr. Steiner for intentional interference with contractual relations.
Id. at p. 8, 689 So.2d at 521 (emphasis ours).
Writs were granted and the decision was reversed: Cowen v. Steiner, 96-830 (La. App. 3 Cir. 1/22/97), 689 So.2d 516, writ granted, 97-1234 (La.9/19/97), 701 So.2d 140, "Judgment of the court of appeal is reversed. Judgment of the trial court dismissing plaintiff's case is reinstated."
We find Cowen and the case sub judice very similar. In this case, the Ad Hoc Committee was neither a corporate officer nor did it function as a corporate officer. As in Cowen, it appears that the Committee did wield a significant amount of power and influence. Plaintiffs' petition clearly states that Mr. Spears' contract was entered into with and terminated by the Board of Directors of American Legion Hospital. The petition's repeated allegation of wrongdoing by the Ad Hoc Committee was the Committee's "intentional.... pressure and encouragement" on the Board of Directors to terminate Mr. Spears' contract.
Considering the rulings of the Louisiana Supreme Court in 9 to 5 Fashions, Inc. and in Cowen, we find the action by the Ad Hoc Committee alleged in Plaintiffs' petition does not meet the requirements for tortious interference with contract under the law and jurisprudence of this state.
Thus, for the reasons stated above, the judgment of the trial court is affirmed. All costs of this appeal are assessed against Plaintiffs/Appellants, Leonard J. and Debra L. Spears.
AFFIRMED.