817 So.2d 141 (2002)
Samuel HAWKINS
v.
EVANGELINE BANK & TRUST COMPANY, et al.
No. 01-1292.
Court of Appeal of Louisiana, Third Circuit.
February 6, 2002.
Writ Denied May 24, 2002.
*142 Barry M. Barnett, LaCroix, Levy & Barnett, Alexandria, LA, Counsel for Plaintiff/Appellant: Samuel Hawkins.
Elizabeth E. Foote, Percy, Smith, Foote & Gadel, Alexandria, LA, Counsel for Defendant/Appellee: Evangeline Bank & Trust Company.
Court composed of NED E. DOUCET, JR., Chief Judge, HENRY L. YELVERTON, and JIMMIE C. PETERS, Judges.
DOUCET, Chief Judge.
Plaintiff, Samuel Hawkins, a tenant, who was injured in a slip and fall in a house making up part of the estate of Sirwelton Hobbs, appeals a judgment of the trial court sustaining an exception of no cause of action filed by Defendant, Evangeline Bank & Trust Company. The Defendant was administrator of Mr. Hobbs' estate at the time of Plaintiff's fall, but not at the time suit was filed. We reverse the judgment of the district court and remand the case for further proceedings.

LAW AND DISCUSSION
Last year this court was called upon to consider the same issue raised in this case, albeit in a different context:
In Jones v. Tezeno, 99-1693, pp. 3-4 (La.App. 3 Cir. 3/1/00), 758 So.2d 896, 898-99, this court reviewed the law applicable to the appellate review of an exception of no cause of action, stating as follows:
A peremptory exception of no cause of action presents a question of law, thus on this appeal we review this issue de novo. City of New Orleans v. Board of Com'rs, 93-0690 (La.7/5/94), 640 So.2d 237. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, 616 So.2d 1234 (La. 1993).
No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ.P. art. 931. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Id.; City of New Orleans, 640 So.2d 237. Simply, if the petition alleges sufficient facts to establish a case cognizable in law, an exception of no cause of action must fail. Rebman v. Reed, 286 So.2d 341 (La.1973).
Our inquiry is whether Louisiana law affords ... [Plaintiffs] a remedy based upon the facts alleged in his petition. Our inquiry is not whether... [Plaintiffs] will eventually prevail at trial.

*143 Further, in considering the exception, all reasonable inferences are made in favor of the non-moving party and all well-pleaded facts in the petition are accepted as true. The moving party has the burden of showing that the plaintiff has not stated a cause of action. City of New Orleans v. Bd. of Directors of La. State Museum, 98-1170 (La.3/2/99), 739 So.2d 748.
Spears v. American Legion Hospital, 00-865, pp. 3-4 (La.App. 3 Cir. 1/31/01); 780 So.2d 493, 495-96 (alteration in original).
In the case sub judice, Plaintiff's petition, which was filed December 28, 2000, states in part as follows (subparagraphs lettered as in petition):
2.
On January 3, 2000 petitioner, SAMUEL HAWKINS, was injured when he slipped and fell in water from a damaged and leaking roof inside the premises at 1518 Warshauer Street, Alexandria, Rapides Parish, Louisiana which petitioner was renting from defendants.
3.
The land and building situated at 1518 Warshauer St., where petitioner fell are owned by the SUCCESSION OF SIRWELTON HOBBS and were administered and controlled by defendants, EVANGELINE BANK & TRUST COMPANY and EVERETT HOBBS at the time of petitioner's accident.
. . . .
5.
The accident was caused by the negligence and fault of EVANGELINE BANK & TRUST COMPANY, EVERETT HOBBS and/or the SUCCESSION OF SIRWELTON HOBBS in the following, among other, particulars:
A) Failure to maintain the premises at 1518 Warshauer Street in a safe and usable condition;
B) Failure to make and complete repairs to the roof of the premises at 1518 Warshauer Street;
. . . .
F) Failure to warn petitioner of the dangers posed by the leaking roof;
G) Failure to institute and implement proper inspection procedures; and
H) Failure to inspect and repair the premises adequately.
6.
In addition, the afore described accident was caused by a vice or defect in said premises owned by the SUCCESSION OF SIRWELTON HOBBS of which defendants knew or should have known and which they neglected to repair; therefore, said defendants are strictly liable for the resulting damages of petitioner.
Evangeline Bank & Trust filed an Exception of No Cause of Action relying on La.Code Civ.P. art. 734 which provides in part: "the succession representative appointed by a court of this state is the proper defendant in an action to enforce an obligation of the deceased or of his succession, while the latter is under administration." At the time the suit was filed, Evangeline Bank & Trust had been replaced by Camille Giordano, as administrator of Mr. Hobbs' estate.
However, we find Evangeline Bank & Trust's reliance on La.Code Civ.P. art. 734 misplaced. First, we note that La.Code Civ.P. art. 3221 provides: "A succession representative shall preserve, repair, maintain, and protect the property of the succession." Further, La.Code Civ.P. art. 3191 states in pertinent part (emphasis ours):

*144 A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law. He shall act at all times as a prudent administrator, and shall be personally responsible for all damages resulting from his failure so to act.

La.R.S. 9:5621 establishes the prescriptive period for actions against succession administrators:
Actions against any person who has served as curator of a vacant succession or as administrator, testamentary executor, or dative testamentary executor of a succession in this state, or against the surety on his bond, arising out of any act the succession representative, as such, may have done or failed to do, are prescribed by two years, reckoning from the day of the judgment homologating the final account.
This prescription shall not be suspended or interrupted because of the incapacity of the person who might bring the action, reserving to him his recourse against his tutor or curator.
This prescription does not apply to actions for the recovery of any funds or other property misappropriated by the succession representative nor to actions for any amount not paid in accordance with the proposed payments shown on the final account. [other provisions establish a ten year prescriptive period for offenses of misappropriation]
Plaintiffs petition makes it clear that he is seeking damages from Evangeline Bank & Trust for damages resulting from its failure to act as a prudent administrator. Clearly, his petition is timely and states a cause of action against Defendant, Evangeline Bank & Trust Company.
Accordingly, for the reasons stated above, the judgment of the trial court sustaining Defendant's, Evangeline Bank & Trust Company's, exception of no cause of action is reversed. This case is remanded for further proceedings not inconsistent with this opinion. All costs of this appeal are assessed against Defendant, Evangeline Bank & Trust Company.
REVERSED AND REMANDED.