809 So.2d 1204 (2002)
TECHNICAL CONTROL SYSTEMS, INC.
v.
Vernon L. GREEN, Paul Aymond, Christopher Broussard and Mary Broussard.
No. 01-0955.
Court of Appeal of Louisiana, Third Circuit.
February 27, 2002.
*1205 Randal Paul McCann, Borne, Wilkes & Brady, Lafayette, LA, Counsel for Plaintiff/Appellant Technical Control Systems, Inc.
William Edward Lewis, Halpern, Danner, et al., Randy George McKee, New Orleans, LA, Counsel for Defendant/Appellee Vernon L. Green, Paul Aymond.
Kyle Patrick Polozola, Jamie D. Rhymes, George Hardy Robinson, Liskow & Lewis, Lafayette, LA, Counsel for Defendant/Appellee KF Industries, Inc.
Court composed of JOHN D. SAUNDERS, OSWALD A. DECUIR, and GLENN B. GREMILLION, Judges.
GLENN B. GREMILLION, Judge.
In this case, the plaintiff, Technical Control Systems, Inc., appeals the judgment of the trial court in favor of the defendant, KF Industries, Inc., granting its motion for summary judgment regarding TCS's claims for tortious interference with contract, conspiracy to tortiously interfere with its contract, and failure to perform in good faith.

FACTUAL AND PROCEDURAL BACKGROUND
TCS is involved in the business of developing and selling compact ball valves used in the oil and gas industry. It originally *1206 had an exclusive contract with KF to purchase the "N" series valves it used in its business. TCS filed suit in May 1997, against Vernon Green, Paul Aymond, Christopher Broussard, and Mary Broussard (all former employees of TCS) alleging that the defendants breached their fiduciary duty of loyalty and duty to act in good faith. It further alleged that Green tortiously interfered with its contract with KF.
In September 1999, TCS added KF as a defendant alleging that it tortiously interfered with the contract existing between them and conspired with Green to tortiously interfere with its contract because KF knew that Green was forming a competitive company, it conducted business with Green regarding his new company, Compact Manifolds, Inc., while he was still employed by TCS, and it gave certain preferences to Compact in detriment to TCS. After a hearing in February 2001, the trial court entered judgment in favor of KF finding that no genuine issue of material fact existed as to TCS's claim for tortious interference with contractual relations and civil conspiracy to commit tortious interference with contractual relations. This appeal followed.

SUMMARY JUDGMENT
On appeal, summary judgments are reviewed de novo. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. Id. This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B)(C). This means that judgment should be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. If the opposing party cannot produce any evidence to suggest that it will be able to meet its evidentiary burden at trial, no genuine issues of material fact exist. Id.
Material facts are those that determine the outcome of the legal dispute. Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, writ denied, 97-2737 (La.1/16/98), 706 So.2d 979. In deciding whether certain facts are material to an action, we look to the applicable substantive law. Id. Finally, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).

ISSUES
TCS assigns as error:
1. The trial court incorrectly concluded that a cause of action did not exist against a corporate entity defendant for the actions of tortiously interfering with a contract.
2. The trial court incorrectly concluded that a cause of action did not exist against a corporate entity defendant for conspiracy to aid and abet another to tortiously interfere with a contract.
3. The trial court incorrectly concluded that TCS did not put forth evidence of genuine issues of material fact on the claims of unfair trade practices, fraud, and bad faith breach of contract such that KF should have been maintained in the lawsuit.

TORTIOUS INTERFERENCE WITH CONTRACT
The issue before us is whether a cause of action can be maintained against a corporate *1207 entity defendant for tortious interference with contract. In 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La.1989), the supreme court, for the first time, allowed a cause of action against a corporate officer to be maintained for tortious interference with contract. TCS now urges that we extend this holding to allow a cause of action against a corporate entity defendant. We decline to do so and affirm the trial court's grant of summary judgment in favor of KF.
TCS urges that the trial court's interpretation of the holding in Spurney was too narrow because the supreme court did not actually state that there cannot be a cause of action against a corporate entity defendant. In Spurney, 9 to 5 contracted with Spurney's employer (LWE) to supply uniforms to its employees. However, LWE did not pay what it owed under the contract because it had filed for bankruptcy. 9 to 5 thereafter sued Spurney, the CEO of LWE, and his insurer, alleging that he intentionally and negligently caused the performance of the uniform supply contract to be more burdensome and costly. It was alleged that Spurney's delays in appointing a uniform coordinator caused 9 to 5 to order more material than was actually required, which resulted in a loss of profits on its contract. Both the trial and appellate court found Spurney personally liable to 9 to 5.
The supreme court concluded that:
[A]n officer of a corporation owes an obligation to a third person having a contractual relationship with the corporation to refrain from acts intentionally causing the company to breach the contract or to make performance more burdensome, difficult or impossible or of less value to the one entitled to performance, unless the officer has reasonable justification for his conduct. The officer's action is justified, and he is entitled to a privilege of immunity, if he acted within the scope of his corporate authority and in the reasonable belief that his action was for the benefit of the corporation.
Thus, an officer is privileged to induce the corporation to violate a contractual relation, or make its performance more burdensome, provided that the officer does not exceed the scope of his authority or knowingly commit acts that are adverse to the interests of his corporation. Where officers knowingly and intentionally act against the best interest of the corporation or outside the scope of their authority, they can be held liable by the party whose contract right has been damaged.
Id. at 231.
The supreme court went on to say, "In the present case we recognize, as set forth particularly herein, only a corporate officer's duty to refrain from intentional and unjustified interference with the contractual relation between his employer and a third person." Id. at 234 (emphasis added). The elements of this cause of action are:
(1) [T]he existence of a contract or a legally protected interest between the plaintiff and the corporation;
(2) [T]he corporate officer's knowledge of the contract;
(3) [T]he officer's intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome;
(4) [A]bsence of justification on the part of the officer; [and]

*1208 (5) [C]ausation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer.

Id. (emphasis added).
TCS cites Neel v. Citrus Lands of Louisiana, Inc., 629 So.2d 1299 (La.App. 4 Cir.1993), which allowed a cause of action for tortious interference against a corporate entity defendant. We respectfully disagree with our colleagues in the fourth circuit. When limited to its facts, Spurney allowed a claim for tortious interference with contract when a corporate officer was acting neither in his company's best interest nor the contracting party's best interest. Otherwise, with certain fraudulent exceptions, the officer's actions were justified if he acted within the scope of his authority and with the best interests of the corporation in mind. Only in exceedingly rare circumstances would a cause of action lie, when an officer has a personal vendetta against a company and seeks revenge without regard to his company's interests. See 8 MORRIS & HOLMES, LOUISIANA CIVIL LAW TREATISE, BUSINESS ORGANIZATIONS, § 33.11-13 (1999).
Essentially, we believe the thrust of the issue revolves around the distinction between contract and tort claims. In Healthcare Management Services, Inc. v. Vantage Healthplan, Inc., 32,523, p. 5 (La. App. 2 Cir. 12/8/99), 748 So.2d 580, 583, which we quoted with approval in Spears v. American Legion Hospital, 00-865 (La. App. 3 Cir. 1/31/01), 780 So.2d 493, the court stated:
The rules governing contract disputes and breaches are separate from those governing offenses and quasi offenses, and these separate legal domains should not overlap unless there is a duty on the part of a person or legal entity, separate and apart from the obligations created by the terms of a contract. Thus, in Spurney, an exception to the general prohibition against an action for interference with contract was found because the court recognized a duty on the part of a corporate officer to a third person having a contractual relationship with the corporation to which the officer owed a fiduciary duty.
Thus, the tortious interference action against a corporate officer lies in those instances when imposing a tort duty is more appropriate due to the officer's actions. In an ordinary case, for example, where an officer breaches a contract for the benefit of his corporation and acts within his authority, the corporation, the party with whom the plaintiff has contracted, would be liable in contract, not tort. We believe that tort actions against corporate entity defendants should be curtailed when a more appropriate breach of contract action is available. As Professors Morris and Holmes explain:
While contract and tort arguments are often made in the alternative, a rejection of the contract argument (or a failure by one of the parties to make such an argument), followed by an acceptance of the tort argument necessarily means that the court is imposing some legal duty on the parties that the court has found not to be a part of their agreement, either expressly or tacitly. Rarely will such a judicially-imposed modification of the contract be justified in dealing with the purely commercial relations between the contracting parties themselves.
BUSINESS ASSOCIATIONS, § 33.11, at 142, n. 3.
Moreover, recent attempts by this court to expand upon this doctrine have been reversed by our supreme court. In Cowen *1209 v. Steiner, 96-830 (La.App. 3 Cir. 1/22/97), 689 So.2d 516, rev'd, 97-1234 (La.9/19/97), 701 So.2d 140, we held that the plaintiff could properly proceed with a tortious interference claim against a non-corporate officer (who was not a corporate entity). Because the supreme court reversed and reinstated the trial court's finding without assigning reasons, we must assume that our expansive take on a tortious interference with contract claim did not meet the approval of the supreme court. Before it was reversed, we cited Cowen with approval in Guilbeaux v. Times of Acadiana, Inc., 96-360 (La.App. 3 Cir. 3/26/97), 693 So.2d 1183, writ denied, 97-1840 (La.10/17/97), 701 So.2d 1327, for the proposition that Spurney need not be limited to corporate officer defendants.
However, in other cases, we have declined to extend the doctrine beyond the limitations set forth in Spurney. See White v. White, 93-1389 (La.App. 3 Cir. 6/15/64), 641 So.2d 538, writs denied, 94-2456, 94-2467 (La.12/19/94), 648 So.2d 402 (no cause of action for tortious interference with contract where the defendant was not a corporate officer); Accredited Sur. and Cas. Co. v. McElveen, 93-678 (La.App. 3 Cir. 2/2/94), 631 So.2d 563, writ denied, 94-0915 (La.5/20/94), 637 So.2d 483, cert. denied, 513 U.S. 963, 115 S.Ct. 424, 130 L.Ed.2d 338 (1994) (no expansion of Spurney to non-corporate officers); Spears, 780 So.2d 493 (no cause of action when defendant is not a corporate officer).
Accordingly, we conclude that this doctrine should not be expanded to include corporate entity defendants. TCS entered into a contract with KF and should pursue its claim against the corporation via a contract claim. If KF wished to pursue its tortious interference claim, it should have amended its petition to name a particular officer of KF as a defendant. Therefore, we find that summary judgment was appropriately granted because there is no genuine issue that these facts do not meet the requirements of Spurney. Thus, this assignment of error is without merit.

CONSPIRACY
For the reasons stated above, there can be no conspiracy to tortiously interfere with a contract because the underlying action does not exist.

UNFAIR TRADE PRACTICES, FRAUD, BAD FAITH BREACH OF CONTRACT
For the first time on appeal, TCS urges claims of unfair trade practices and fraud. It did not set forth facts sufficient to justify either of these claims in its original or amended petition. Therefore, we need not address them here. However, in its amended petition, TCS did add the bad faith breach of contract claim, which was dismissed by the trial court because it found that KF had no duty to negotiate a new contract with TCS. Thus, KF's decision to contract with TCS without the addition of the exclusivity clause was not in bad faith. We agree that no genuine issues of material fact exist. La.Civ.Code art.1983 requires that contracts be "performed in good faith." TCS does not argue that KF did not perform in good faith, but that it did not renegotiate in good faith because it had inside information that gave it an unfair advantage. Because TCS did not allege that KF performed the contract in bad faith, we find no error in the dismissal of this claim.

CONCLUSION
Summary judgment granted in favor of the defendant-appellee, KF Industries, *1210 Inc., is affirmed. All costs of this appeal are assessed against the plaintiff-appellant, Technical Control Systems, Inc.
AFFIRMED.
SAUNDERS, J., dissents with written reasons.
SAUNDERS, J., dissenting.
Because I find that a cause of action may be maintained against a corporate entity defendant for tortious interference with contract, I must respectfully dissent from the opinion of the majority.
Corporations are intellectual beings distinct from the persons who compose them and are creatures of law. As ordinary incident to its powers, a corporation has the right to sue and be sued. Louisiana Dist., Church of Nazarene v. Church of Nazarene, 132 So.2d 667 (La.App. 1 Cir. 1961). Furthermore, a corporation can only act through agents authorized and empowered by the stockholders or board of directors. As a result, it is well settled that corporations are liable for the acts of its officers or agents in the course of their duties and within the scope of their authority. Seal v. Great Southern Lumber Co., 131 La. 408, 59 So. 833 (La.1912).
Furthermore, under Louisiana Law, the principal of vicarious liability is well settled. La.Civ.Code art. 2320. What possible public policy would prevent an employer from being liable for the torts of its employees committed during the course of his employment? In my view, this is not and should not be the law in the area of business torts.
The majority cites 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La.1989) for the proposition that a cause of action for tortious interference with contract may only be maintained against an officer of a corporation. Upon review of 9 to 5 Fashions, I recognize the court did not intend to adopt in full the common law doctrine of tortious interference with contract, however, I find, as did the fourth circuit in Neel v. Citrus Lands of Louisiana, 629 So.2d 1299 (La.App. 4 Cir.1993), that the supreme court recognized a cause of action for tortious interference with contractual relationships that is broader than the narrow facts of 9 to 5 Fashions, although less broad than some common law jurisdictions.
The court, in 9 to 5 Fashions, does not declare that the corporate entity itself does not have the same corresponding duty or is not responsible vicariously for the actions of the officer. The silence in this regard is deafening. It would be contrary to law for the court to conclude that an officer or agent can be liable for tortious interference while excluding from liability the corporation on whose behalf the officer or agent is acting. Therefore, I cannot conclude that the silence in the 9 to 5 Fashions decision equates with limiting this cause of action to corporate officers exclusively.
For these reasons, I must respectfully dissent from the majority.