# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-378

**RUSSEL MIER**

**VERSUS**

**GREGORY RUSSEL MIER**

**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## FIFTEENTH JUDICIAL DISTRICT COURT
## PARISH OF LAFAYETTE, DOCKET NO. 2013, 2704-C
## HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE
**\*\*\*\*\*\*\*\*\*\***

## SYLVIA R. COOKS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, James T. Genovese, and John E. Conery, Judges.

**AFFIRMED.**

Steven T. Ramos
Andrus, Boudreaux, Landry & Coussan, APLC
1245 Camellia Boulevard, Suite 200
Lafayette, LA 70508
(337) 984-9480
**ATTORNEY FOR THIRD PARTY PLAINTIFFS/APPELLANTS**
  **Stephanie Mier Leblanc and Pamela Mier Boyle**

Karen T. Bordelon
Camille Bienvenu Poché
Babineaux, Poché, Anthony & Slavich, L.L.C.
P.O. Box 52169
Lafayette, LA 70505-2169
(337) 984-2505
**ATTORNEY FOR DEFENDANT/APPELLEE**
  **Sara Derouen Gallineau**
Richard D. Mere
Richard D. Mere, Ltd.
P.O. Box 3301
Lafayette, LA 70502-3301
(337) 269-5555
**ATTORNEY FOR PLAINTIFF/APPELLEE**
 **Russel Mier**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

Russel Mier (Russel) sued his son, Gregory Russel Mier (Gregory), an attorney, alleging Gregory violated his fiduciary duties as Russel's attorney-in-fact by keeping the proceeds of the sale of Russel's home totaling $175,000.00. The petition also alleged Gregory received two payments of $100,000.00 each from Russel which he asserts were not donations as claimed by Gregory. In the alternative, Russel alleges that if these were donations *inter vivos* they were made as a result of fraud, duress, and/or through undue influence. Russel asserts in his petition that the $200,000.00 paid to Gregory was for the purchase of Gregory's home located at 102 Stonehill Road, Lafayette, Louisiana.

Gregory did not answer the petition but instead filed Exceptions of Vagueness and Ambiguity, No Cause of Action, and No Right of Action. The trial court sustained the exceptions and conditionally dismissed all claims filed by Russel unless within fifteen days of the trial court order Russel amended his petition to remove any defects which resulted in the granting of the dismissal. Russel timely filed an Amended and Supplemental Petition setting forth his claims with more particularity. Gregory filed a Motion to Dismiss for Failure to Follow the Court Order and for Failure to State a Cause of Action. The trial court denied Gregory's motion and he sought a supervisory writ of review with this court which was denied. *See Mier v. Mier*, 14-425 (La.App. 3 Cir. 7/16/14). The Louisiana Supreme Court also unanimously denied writs. *Mier v. Mier*, 14-1735 (La. 9/23/14), 149 So.3d 249.

Thereafter, Gregory filed an Answer to Original Petition for Damages, Answer to First Supplemental and Amending Petition for Damages, Affirmative

Defenses, and a Third Party Demand Against Sara Derouen Gallineau (Sara). Gregory's third party demand seeks to add Sara as a third party Defendant and also seeks to join his sisters, Stephanie Mier Leblanc (Stephanie) and Pamela Mier Boyle (Pamela), as third party Plaintiffs. Gregory, Stephanie, and Pamela assert as the basis of their action against Sara a claim for alienation of their father's affections. This claim is couched in various vague allegations, including an allegation of intentional and/or negligent interference with "various agreements between Russel and his children" and infliction of emotional distress allegedly resulting in severe and prolonged mental anguish. The trial court sustained Sara's exceptions of no right of action and no cause of action as to the third party demands of Stephanie, Pamela, and Gregory, dismissing Stephanie and Pamela's claims without prejudice. The trial court allowed Gregory thirty days from December 8, 2014, to amend his third party pleadings failing which his demands would be dismissed with prejudice. The record evidences no amended or supplemental pleadings were filed by Gregory within the thirty-day deadline.

Stephanie and Pamela timely filed a Motion for Suspensive Appeal and Stay of Proceedings. The original trial judge retired and was replaced by a new trial judge who signed an order granting Pamela and Stephanie a suspensive appeal and a stay of the proceedings. After the expiration of Gregory's thirty-day period to amend his pleadings, Sara filed a Motion for Entry of Judgment of Dismissal or Alternatively, Motion for Lift of Stay, based on the record showing Gregory did not file any amended or supplemental pleadings against Sara. On April 3, 2015, the new trial judge denied Sara's motion and cast costs against her.

Stephanie and Pamela appeal the trial court ruling, asserting the trial court erred in granting the exceptions of no cause of action and no right of action as to

2

Stephanie and Pamela failing to "[consider] the effects of cumulation under LCCP art. 463." Gregory did not appeal the trial court ruling dismissing his claims with prejudice.

## LAW AND ANALYSIS

Under the law and jurisprudence of Louisiana, children have no cause of action for alienation of affection against their parent's paramour. *Price v. Fuerst*, 09-545 (La.App. 3 Cir. 11/4/09), 24 So.3d 289, *following Greene v. Roy*, 604 So.2d 1359 (La.App. 3 Cir.), *writ denied*, 607 So.2d 544 (La. 1992). All of the allegations alleged by the third party Plaintiffs relate to the alienation of Russel's affection for his adult children by the alleged actions of Sara, his paramour.

The third party Plaintiffs attempt to avoid Louisiana's proscription of an action for alienation of affections by characterizing their alleged cause of action against Sara as tortious interference with a contract. They make a vague allegation that Sara "intentionally and/or negligently interfered with various agreements between Russel Mier and his children . . ." This, too, fails to state a cause of action under Louisiana law. In *Spears v. American Legion Hospital*, 00-865, pp. 3-6 (La.App. 3 Cir. 1/31/01), 780 So.2d 493, 495-97 (emphasis added), we discussed appellate review of an exception of no cause of action and the limited action for negligent interference with a contract in Louisiana:

> A peremptory exception of no cause of action presents a question of law, thus on this appeal we review this issue de novo. *City of New Orleans v. Board of Com'rs*, 93-0690 (La. 7/5/94), 640 So.2d 237. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading. *Everything on Wheels Subaru, Inc. v. Subaru South*, 616 So.2d 1234 (La. 1993).
>
> No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. Code

3

Civ. P. art. 931. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. *Id.; City of New Orleans*, 640 So2d. 237. Simply, if the petition alleges sufficient facts to establish a case cognizable in law, an exception of no cause of action must fail. *Rebman v. Reed*, 286 So.2d 341 (La. 1973).

*. . . Historically, a cause of action for tortious interference with a contract was not available in Louisiana. Kline v. Eubanks*, 109 La. 241, 33 So. 211 (1902). However, in *9 to 5 Fashions, Inc. v. Spurney*, 538 So.2d 228 (La. 1989), the Louisiana Supreme Court recognized a *narrowly defined cause of action* for the breach of duty by a corporate officer to refrain from intentionally and unjustifiably interfering with a contractual relationship between the officer's corporate employer and the particular plaintiff. *Krebs v. Mull*, 97-2643 (La.App. 1ˢᵗ Cir. 12/ 28/98), 727 So.2d 564, *writ denied*, 99-0262 (La.3/19/99), 740 So.2d 119; *Lynn v. Berg Mechanical, Inc.*, 582 So.2d 902 (La.App. 2d Cir. 1991).

In *9 to 5 Fashions v. Spurney, supra*, the court stated that it did not intend to adopt "whole and undigested the fully expanded common law doctrine of interference with contract, consisting of '*a rather broad and undefined tort in which no specific conduct is prescribed and in which liability turns on the purpose for which the defendant acts, with the indistinct notion that the purposes must be considered in some undefined way.*'" –*Krebs v. Mull, supra*. The court recognized only a corporate officer's duty to refrain from intentional and unjustified interference with the contractual relationship between his employer and a third person. . . .

Subsequently, in *Great Southwest Fire Insurance Company v. CNA Insurance Companies*, 557 So.2d 966 (La.1990), the Louisiana Supreme Court reaffirmed its intention to proceed with caution in expanding a cause of action for interference with a contract. In *Great Southwest, the court declined to recognize a cause of action for negligent interference with a contract. . . .*

In Louisiana, this court has limited the application of *9 to 5 Fashions, Inc. v. Spurney, supra,* to its facts. Where the interference alleged is beyond the cause of action created in that decision, the trial court is correct in denying the claim. *A & W Sheet Metal, Inc. v. Berg Mechanical*, 26,799 (La.App. 2d Cir. 4/5/95), 653 So.2d 158.

Based upon the jurisprudence of this state, as discussed at length in *Spears*, this court found the "action by the Ad Hoc Committee alleged in Plaintiffs' petition [did] not meet the requirements for tortious interference with contract[.]"

4

*Spears,* 780 So.2d at 498. Again, in *Brown v. Romero*, 05-1016 (La.App. 3 Cir. 2/1/06), 922 So.2d 742, 747 *writ denied*, 06-480 (La.5/5/06), 927 So.2d 315, (citation omitted) we reiterated, "The supreme court has expressly declined to recognize a cause of action for negligent interference with contract." The alleged facts of this case present the very type of circumstances warranting Louisiana's refusal to adopt the common law notion of tortious interference with contracts, except on a limited basis, and then, only when an express duty is owed by the party alleged to have breached such duty, such as a corporate officer to the corporation. As we explained in *Spears*, 780 So.2d at 497:

> The wisdom of the Louisiana Supreme Court's pronouncement in this area of the law recognizes the broad basis for delictual liability furnished by La. C.C. art. 2315, but also recognizes the need to avoid blurring the distinction between tort claims and contract claims. The rules governing contract disputes and breaches are separate from those governing offenses and quasi offenses, and these separate legal domains should not overlap unless there is a duty on the part of a person or legal entity, separate and apart from the obligations created by the terms of a contract. Thus, in *Spurney,* an exception to the general prohibition against an action for interference with contract was found because the court recognized a duty on the part of a corporate officer to a third person having a contractual relationship with the corporation to which the officer owed a fiduciary duty. On the other hand, in *Great Southwest* the court found no duty owed by a primary insurer to an excess insurer.

Likewise, in this case, Sara owes no duty to any of Russel's children and no action lies in favor of the children for Sara's alleged influences on Russel. Moreover, we note that, according to the facts alleged, Russel had not met Sara at the time two of the transactions allegedly occurred. As for the allegation concerning the sale of Russel's home by Gregory under a general power of attorney we can discern no duty owed by Sara to Gregory or his sisters concerning this transaction. Russel's power of attorney appointing Gregory his attorney-in-fact is a matter between Russel and Gregory. Gregory owed a fiduciary duty to his

5

father when acting under the power of attorney, but there is no duty on Sara's part to refrain from whatever suggestions she may or may not have made to Russel concerning this transaction and Gregory's alleged failure to turn over the funds received in this sale to Russel.

Because we find Louisiana law does not recognize a cause of action against Sara arising out of the facts alleged in the third party petition on behalf of any of the third party Plaintiffs, we find the issue of cumulation of actions is rendered moot, as are the issues raised concerning the procedural propriety of Stephanie and Pamela's third party action. Whatever vehicle was used procedurally, i.e. a third-party demand under the provisions of La. Code Civ. P. art. 1111[1], is of no moment in this case because the would-be third party plaintiffs have no cause of action under the circumstances for recovery as a matter of law. We note that even if a cause of action existed then the vehicle they attempt to use here is not proper under La. Code Civ. P. art 1111.

For the reasons stated we find there is no error in the trial court's ruling. All costs of this appeal are assessed against Appellants Stephanie Mier Leblanc and Pamela Mier Boyle.

**AFFIRMED.**

---

[1] The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.

In such cases the plaintiff in the principal action may assert any demand against the third party defendant arising out of or connected with the principal demand… La.Code. Civ. P. art. 1111.

6